SIEGMUND T. MEYER and ASHER T. MEYER, Respondents, *v.* JOHN AMIDON, Appellant.

An action founded upon the fraud and deceit of the defendant in making false representations, cannot be maintained, in the absence of proof, that he believed, or had reason to believe at the time when he made the representations, that they were false, or that he assumed to have, or intended to convey the impression that he had, actual knowledge of their truth, though conscious that he had no such knowledge.

Where a fact necessary to sustain the conclusion of law does not appear in the findings of fact, and the case shows that upon a request to find as to such fact, there was a refusal to find otherwise than as already found, and the conclusion of law is in terms based only upon the facts expressly found, this court will not presume or infer in aid of the judgment a finding of this fact.

Accordingly, in an action for false and fraudulent representations as to the solvency of a party, the referee found that the representations made by the defendant were false, that the plaintiffs were induced by them to give credit to such party, and that damages ensued therefrom to the plaintiff, and upon the request of the defendant's counsel to find that the statements were made without fraud, and without intent to deceive, he refused to find " otherwise than as contained in his finding of fact," and the conclusion of law was as above stated.—*Held,* that upon the facts found the plaintiff was not entitled to recover, and in view of the refusal to find, the court would not presume the finding by the referee of the necessary fact of intent to deceive or fraud, to sustain his judgment for the plaintiffs.

(Argued February 23d, 1871; decided March 21st, 1871.)

APPEAL from a judgment of the General Term of the first judicial district, affirming a judgment for the plaintiffs entered upon the report of a referee.

This action was brought to recover damages from the defendant for false and fraudulent representations in regard to the solvency of the firm of Blackmer, Walker & Co., whereby the plaintiffs were induced to sell them goods to the amount of $3,500.

The referee's report contained a finding of facts that the representations made by the defendant were false, and that the plaintiffs were induced to trust the firm in question in consequence of them, and had suffered damages therefrom, and

"upon these facts" found, as a conclusion of law, that the plaintiffs were entitled to recover such damages.

The defendant requested him to find that the representations were made without fraud. The referee refused so to find otherwise than as contained in his findings of fact. The defendant also requested him to find that they were made without intent to deceive, and there was the same refusal.

*George C. Barrett*, for appellant, insisted that the plaintiffs could not recover upon the facts as found by referee. (*Paisley* v. *Freeman*, 3 T. R., 51; *Haycraft* v. *Creasey*, 2 East., 92; *Russell* v. *Clark's Ex'rs.*, 7 Cranch, 69; *Patten* v. *Gurney*, 17 Mass., 182; *Urn* v. *Wilcox*, 1 Day, 22; *Hart* v. *Tallmadge*, 2 Day, 381; *Ewing* v. *Calhoun*, 7 Vermont, 89; *Weeks* v. *Burton*, id., 57; *Upton* v. *Vail*, 6 Johns., 181; *Young* v. *Lovel*, 8 Johns., 25; *Gallagher* v. *Brumel*, 6 Cow., 350; *Allen* v. *Addington*, 7 Wend., 9; S. C., 11 Wend., 374; *Wakeman* v. *Dalley*, 44 Barb., 501; *Chester* v. *Comstock*, 6 Robertson, 1; *White* v. *Merritt*, 3 Seld., 352; *Zabriskie* v. *Smith*, 3 Kern. 322; *Hubbard,* v. *Briggs*, 31 N. Y., 518; *Marsh* v. *Falker*, 40 N. Y., 565; *Chester* v. *Comstock*, 40 N. Y., 575, 576.)

*E. P. Wheeler*, for respondents, cited *Marsh* v. *Falker* (40 N. Y., 566); *Bennett* v. *Judson* (21 N. Y., 238); *Smith* v. *Coe* (29 N. Y., 666); *Carman* v. *Pultz* (21 N. Y., 547).

FOLGER, J. We have held, in the case of *Oberlander* v. *Spies and others*,[*] decided at the December sitting, that an action founded upon the deceit and fraud of the defendant, cannot be maintained, in the absence of proof, that he believed or had reason to believe, at the time when he made them, that the representations made by him, were false, and that they were, for that reason, fraudulently made.

*Marsh* v. *Falker* (40 N. Y., 562) should be read in connection, where it was held that the defendant must have known at the time, that the representations were false, or must have

assumed or intended to convey the impression that he had actual knowledge of their truth, though conscious that he had no such knowledge.

The referee in this case finds that the representations made by the defendant were false; that the plaintiffs were induced by them to give credit to the subject of them; and that damage ensued therefrom to the plaintiffs. . He does not find that the representations were fraudulent, nor that the defendant believed or had reason to believe when he made them, that they were false, nor that he assumed, or intended to·convey the impression, that he had actual knowledge of their truth. He does not find that the defendant had any intent to deceive or defraud the plaintiffs. Clearly, these findings of the referee, do not establish a cause of action for the plaintiffs against the defendant, nor sustain his conclusion of law and judgment in their favor. The counsel for the respondent now invokes the aid of a rule, which he states thus; that a court of review will presume that every fact warranted by the testimony, and necessary to sustain the referee's conclusion of law, was actually found by him, though not expressed in his findings. It must be admitted, that the facts not expressly found by the referee, are of vital importance to the plaintiff's case, and make so large a part of such a cause of action as that to presume that he did find them, though he did not express that he found them, is putting to a severe strain the rule relied upon. And to make that strain more tense, come the refusals to find upon the request of the defendant; the language of the conclusion of law; and the statement of the law of the case in the opinion of the referee. The referee was requested to find that the statements were made without fraud, and without intent to deceive. The referee refused so to find otherwise than as contained in his findings of fact. But as his findings of fact are silent upon these two points, are we not bound, from the report, to presume that he did not find at all on' those points? Can we presume after his attention was, with formal particularity, called to these two important points and his judgment demanded upon them, and he has referred to his express findings for his decision

thereon and none is found there, that he did in reality find upon them, as facts established by the testimony in favor of the respondents? In addition to this, his conclusion of law, is based only upon the conclusions of fact which he has reported: "Upon *these facts*, the referee decided," it says. It is a presumption too bold, that as a basis for his judgment, he did make unuttered findings of fact, to the effect that the defendant made the statements fraudulently, and with intent to deceive. It appears to us rather, that the referee conceived the law to be, that it was not needful that there be proof of fraud and intent to deceive, to make false representations actionable, but that the falsity being proven, liability followed without proof of other facts, as an inference from the falsity of the statements. And, referring to the opinion of the referee (for which there is precedent, *Smith* v. *Coe*, 29 N. Y., 670–1), we find him holding that " the intent may be inferred from the falsity, of the representation, and the consequent loss to the plaintiffs, and that the rule contended for by the defendants counsel is fully satisfied upon showing these facts without requiring further proof." In such case it would be unjust to the defendant, for us to presume that the referee would, if he had held the law to require more facts, have found more facts. And if we do not so presume, we must go through the testimony, and determine from it whether it would have warranted him in such a finding of facts as would sustain his conclusion of law and his judgment for the plaintiffs. This would be to substitute our view of the testimony for his. We do not think that the authorities lead to such a result.

One of the earlier cases on the subject is *Carman* v. *Pultz* (21 N. Y., 547), where it is held, that this court will presume nothing in favor of the party alleging the error, but if compelled, through the imperfection of the statement of facts, to resort to presumptions at all, will adopt such only as will sustain the judgment; and where there is an evident omission of important facts in the statement or report, must presume those facts to have been such as would warrant the judgment

rendered. The facts as found in that case were enough to sustain the judgment. And it was the appellant who there asked the court to look into the testimony, and discover there 'a fact which might vitiate the judgment. It is to be noticed also that there the ground of the decision against such cause, is the imperfection of the statement of facts, and the evident omission of important facts in the statement or report. Can it be said that in the case in hand, there is an imperfection of the statement ? There is an absence of finding, an omission of facts, important if they existed, for the upholding of the plaintiffs' judgment. It does not appear however, that this was a casual or negligent omission. Rather, it would seem, the referee's attention having been sharply drawn to the point, that the omission was one of design. The next case is that of *Grant* v. *Morse* (22 N. Y. 323). In that too, the facts as found sustained the judgment, and this court declined to look into the testimony to find facts which would vitiate it. The court said that every intendment not absolutely unreasonable in itself will be against the appellant, that the judgment is presumed to be right unless it appear that a rule of law has been violated, after assuming that the facts have been viewed in the most favorable light which the case will admit of, and that the general conclusion of the referee as contained in his report, will be inferred to have involved a finding by him not in terms expressed, upon all the material questions. *Phelps* v. *McDonald* (26 N. Y., 82) follows 22 N. Y., supra, and is like it, in the facts. *Milhau* v. *Sharp* (27 N. Y., 624) is also based upon that decision. In *Smith* v. *Coe* (29 N. Y., 666), the one fact found by the judge was sufficient to sustain his conclusion of law, and the court, questioning the necessity of his finding upon the minor facts which led to that material one, held that the presumption would be, even if that should be considered as a conclusion of law, that the judge had found all the facts which were necessary to sustain such conclusion. In *Brainard* v. *Dunning* (30 N. Y., 211) the report of the referee was very imperfectly made up. "Where the findings are thus imperfect," say the court " the

findings of fact necessary to sustain the judgment will be presumed." These are the cases commonly cited to sustain the position of the respondent. It will be seen that they do not present the question which is raised by the findings and the refusal to find in the case before us. Here there is a lack of findings, important to sustain the judgment given. Nor is there silence in the case in regard to them. The case is not imperfectly made up. The points are clearly presented. They are brought distinctly to the attention of the referee. He does not negative them, nor does he affirm them. He refers to his report for his decision upon them, and expressly refuses to find further than he has therein found. From that, it is evident that, in his opinion, they followed as legal inferences from the facts which he did find, and his judgment was, that fraud and intent to deceive were, without further proof, pronounced by the law the necessary concomitant of a false representation and loss sustained thereby. Without designing or desiring to question the cases above cited, and those akin to them, we hold, then, that where the finding of facts does not contain enough to sustain the conclusion of law, and it appears from the case that a request to find upon the material facts not found was refused, otherwise than as found in the report, and that that is silent thereon, this court will not presume, in aid of the judgment, that there was a finding not expressed in terms. And the decision in *Comstock* v. *Ames* (3 Keyes, 357) is somewhat in point. There a referee had failed to find facts needful to sustain his conclusion of law. The court say: "We cannot assume the existence of facts in opposition to those found by the referee, for any purpose. But when certain facts are expressly found, and certain other facts are studiously omitted to be found, and the existence of the latter are necessary to sustain a judgment, it is reasonably clear that a rule of law has been violated in rendering the judgment." And the judgment was there reversed, though the court also looked into the testimony, and were of opinion that it would not warrant other findings of fact than those made by the referee (p. 359).

It is not necessary that we examine the other questions presented by the appellant.

The judgment of the court below should be reversed, and a new trial ordered, with costs to abide the event.

All concurring, except ANDREWS, J., who took no part,

Judgment reversed, and new trial ordered; costs to abide the event.