Bradley, J.
The objection that a complaint does not state facts sufficient to constitute a cause of action is not waived by omission to demur, but the question may be raised after answer upon the trial. Code Civ. Pro., § 499. And although the allegations of the complaint in such case may not upon the trial be subjected to so close a criticism in that respect as they would be upon demurrer, the complaint must in some form contain the elements essential to the cause of action. Zabriskie v. Smith, 13 N. Y., 322.
The Code has in no substantial respect changed this requirement, and causes of action are distinguished by the facts which constitute them as effectually as they were prior to the Code, so that judgments must be rendered secundum allegata et probata, as formerly. Ross v. Mather, 51 N. Y., 108; Dudley v. Scranton, 57 id., 424; Neudecker v. Kohlberg, 81 id., 296; Clark v. Dillon, 97 id., 370. Intent to deceive is the important fact which characterizes a cause of action as that for fraud. The complaint in this case neither charges that the representations were fraudulently made, or that they were made with any intent to defraud or deceive the plaintiff, nor does it allege that the defendant knew them to be false or untrue. It simply charges that they were made, that they were untrue, and that they were made to, and did induce the plaintiff to make the purchase and take the conveyance from him of the premises in question. From aught that appears by the allegations of the complaint, the representations were made in good faith. It wholly fails to allege a cause of action in fraud. Addington v. Allen, 11 Wend., 374; Zabriskie v. Smith, 13 N. Y., 330; Lindsay v. Mulqueen, 26 Hun, 485; Lawrence v. Foxwell, 17 J. & S., 273; Meyer v. Amiclon, 45 N. Y., 169; Overlander v. Spiess, id., 175.
It is contended on the part of the plaintiff, that the allegations of the complaint are sufficient, because the alleged representations may be treated as purporting to be statements upon the assumed knowledge of the defendant as *197 distinguished from matter of opinion; and therefore, without reference to the fact of actual knowledge of their falsity, he was guilty of fraud, as they were untrue. And reference is made to the doctrine of Bennett v. Judson (21 N. Y., 238) and kindred cases. That rule is applicable to the question of the sufficiency of evidence to establish alleged fraud, that when a party assumes knowledge of a material fact, and makes a statement of it in such manner as to import knowledge of its existence by which another is induced to rely ana act upon it, he may be chargeable with fraud, although ignorant of the fact so represented, because the intent to deceive and defraud is imputable to him. This rests in inference as matter of fact, and goes in support of a charge to that effect. But such inference arising on the evidence does not go in qualification of the necessity to allege in some form such intent in pleading, or in finding of facts in support of a conclusion to that effect. See Meyer and Overlander cases, supra.
Our attention is also called to Sharp v. Mayor, etc. (40 Barb., 256), where reference is made to the rule of Bennett v. Judson, and the court remarks, that upon those facts the law adjudges fraud as the result of such alleged state of facts. And adds that if material, the complaint could have been amended at the trial by inserting an allegation of fraud as material to the cause of action mapped out in the complaint, and that “in such case a judgment will not be reversed, although the amendment was not made.”
If this proposition can be supported this case may, for that reason alone, be relieved from the difficulty presented by the question now under consideration, for the complaint was amendable at the trial, and very likely an amendment would have been allowed if asked for. But the contrary of that question has since been declared in Tooker v. Arnoux (76 N. Y., 397), where it is held that upon motion to that effect the defendant is entitled, as matter of right, to dismissal of the complaint, if it does not state facts sufficient to constitute a cause of action, unless the objection is obviated by amendment. And if not waived, and no such amendment asked for at the trial, the question must be determined on appeal as the complaint was when the objection was so taken, and if the ruling is erroneous, it is fatal to the recovery. And that seems to be the rule now, and it is not apparent that the view in that respect expressed in Sharp v. Mayor, etc., can be approved.
The complaint failing to state a cause of action in fraud, alleged no cause of action. A right to recover upon contract did not arise out of the facts alleged, because in the conveyance of land no covenant is implied (1 R S., 738, § 140), and none is alleged in this case. And an action at *198 law for damages arising out of the transaction of sale and conveyance of real estate, when there is no covenant, can be supported on the ground of fraud only. 2 Kent’s Com., 473; Thorp v. Keokuk Coal Co., 48 N. Y., 253; Tallman v. Green, 3 Sandf., 437; Whittemore v. Farrington, 7 Hun, 392; S. C., 12 Hun, 349; affirmed, 76 N. Y., 452.
If therefore the motion had been made to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action, the defendant would have been entitled to that result. But that was not the objection taken by the terms of his motion. He asked for a dismissal on the ground that it did not state facts sufficient to constitute a cause of action for fraud, and “ that the complaint at most was only upon a breach of contract of warranty. ”
The court is not required to dismiss a complaint upon the ground that it fails to state a particular cause of* action claimed for it in the counsel’s opening. It is only when it alleges no cause of action that the motion must be granted. The attention of the court was not specifically called to the question that the facts alleged constituted no cause of action, but on the contrary, it was suggested to the effect that it might present an alleged case upon contract for breach of warranty.
And so far as appears the court was not required to determine whether or not, the allegations were sufficient to support a recovery other than for fraud. When a party asserts error, he must make it clearly appear, and an objection of this character must be distinctly made on the trial to be effectual on review. The defendant was advised and evidently understood the purpose of the action, and that the plaintiff sought to recover on the ground of fraud. And this is somewhat indicated by the clause in the answer that the deed describing the premises was prepared 1 ‘ without any intent to cheat or defraud the plaintiff,” and that she was not in any way “cheated or defrauded by the said transaction. ” If the defendants motion to dismiss had been granted the plaintiff would in support of the ruling have been concluded by the statement made by his counsel of the character of the cause ©f action alleged in his complaint although it may have contained another good one, because all reasonable intendments will be permitted in support of a ruling of the court; but the overruling the defendant’s motion rests upon the ground specifically taken by it, and it will not be assumed in support of error that the court denied the motion upon any other than that specified; or that it was done upon the assumption that the facts alleged failed to state any cause of action other than fraud.
Nor can it now be said that the objection, if made, that the complaint did not state facts sufficient to constitute *199 any cause of action, may not have been obviated by amendment. The situation is that no motion to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action was made or denied. Nor was the motion for non-suit after the close of the plaintiff’s evidence made on the ground that no cause of action in fraud was alleged. And we fail to find any objection to the reception of evidence on that or any ground having relation to the character of the complaint. When the motion as before suggested is not made at the trial, and no objection to the sufficiency or reception of evidence is made necessarily involving the consideration of the character of the complaint or the cause of acdon alleged by it, such objection is treated as waived, and, if necessary, the complaint may be deemed amended to conform it to the facts proved in support of the verdict if warranted by them. While the evidence is by no means conclusive to that effect, it was sufficient to permit the conclusion reached by the jury. There was a decided conflict in the evidence given by the parties, and the questions of credibility and of fact presented by it was for the jury, and their finding is not so against the weight of the evidence as to justify disturbance of the verdict.
The exclusion of the evidence offered to prove what the premises conveyed by the plaintiff to the defendant were worth, was not error. The conveyance of the premises in question to the plaintiff was in part the consideration for tile conveyance of land by her to him. The value of the premises she conveyed to him was not material. It had no legitimate bearing on the question of damages.
We think no error was presented by the exception to the charge of the court, and that the case was by it fairly submitted to the jury. None of the exceptions seem to have been well taken.
The judgment and order should be affirmed.
Haight, J., concurs._