Daniels, J.
The judgment was recovered for damages sustained by the plaintiff by reason of false representations made by the defendant concerning the value of land upon which she loaned money, and took a mortgage for its security. The. evidence tended to prove that the representations made by the defendant concerning the value of the *334 land were untruthful, and that as,he was acquainted with its -locality and quality there was reason for believing that heat the time knew the representations riot to be true.
It has been objected, in support of the appeal, although it is not clear that the point was taken upon the trial, that- . the defendant could,not be held liable for fraudulent representations concerning the value of this land. But while it is true that, for a mere opinion expressed by one person to-another as to the value of property, no liability would be created against the person expressing it, when it turned out that he was mistaken, still the law will not exonerate him. if he resorts to that mode of expression, knowing the opinion to be unfounded, with the object of deceiving the person to whom it may be expressed to his or her prejudice. The essential ground of liability in an action for fraud is the intent to deceive by false and fraudulent re? presentations. And that intent may be carried into effect and the deception made as complete and injurious in its effects, by means of this mode of expression as of any other which maybe resorted to for the accomplishment of an unr lawful design. Where that is adopted intentionally to-produce a false impression and to deceive the party to his or her prejudice, and it results in an injury to that party, no good reason appears for exonerating the person perpetrating the deceit from liability for damages created thereby. This subject was examined in Hickey v. Morrell (102 N. Y., 454; 2 N. Y. State Rep., 408). And the result of the authorities, as well as of the conclusion indicated, appears to be that the party may be held liable under such a state oí facts as has already been mentioned. Whether .the evidence sufficiently established this theory of liability to. submit the case to the jury was not a point raised by the exceptions taken during the trial. - And, as no order is contained in the case denying a motion for a new trial; the force and effect of the evidence is not strictly before the court on this appeal.
Exceptions were, however, taken- to the charge of the court, which seems to have failed to present this rule of liability to the consideration of the jury.- In this connection it was stated in the charge that there are two classes; of representations that the law deems false and holds the party who makes them liable for making them. The first is where the representation itself is false, and the party knows it to be so where he represents a thing to be true, knowing it to be false. The other is where a party makes as from his knowledge positive representations as to a state' of facts being so which turns out to be untrue. In that case the law holds the representation to be false whether the party knew it or noL
*335 If you are dealing with a party who states to you in answer to your question, that a fact is so of his own knowledge, and you rely upon the statement, not that he believes it to be so, but that it is so and that statement is false, you need not go any further. Although the party did not intend to deceive you in making that statement, if it is false, he is just as liable to you for the consequences, as though he knew the statement to be false and the representations were made by him with intent to deceive you.
■ Let me repeat again. There are two cases in which a party is to be held liable for any representations that he makes, which end in a loss to another party, who relies. upon them. The first is, where the party making them knows them to be false and states what he knows not to be the fact; and the second is where he states as a fact a thing which is not true, whether he knows it to be true or not. And after referring to the .value of the property, further observations were made as to the legal liability of the defendant for the representations forming the subject of the complaint. In these observations it was said that it is very clear, whether he did it intentionally or not, that the defendant did make statements as to the value of the property, and if he is mistaken in them, then we come to the other question in regard to whether he made false representations, know them to be false.
As I have already said, if a man make a false representation, knowing it to be false, with the intention of misleading another, he is liable for that statement.
It is for you to say whether the facts in this case go to show that the defendant wilfully misled his client by sending her the diagram turning this property into eleven lots, and putting those statements before her with the intent to influence her mind.
It is for you to say whether this conclusion is made out, and whether the defendant can be held responsible. If, upon either of the grounds that I have stated, you come to the conclusion that the plaintiff is entitled to a verdict, then the question of damages may be considered by you. And this was all that was said to the jury as to the rules which they were to observe in determining the question of the defendant’s liability. And it will be seen from what was stated that the jury were left at liberty to hold him liable for the consequences of the representations made, even though there was no intention on his part to deceive the plaintiff through the representations. If the representations were found to be false the jury were informed that they need go no further, and then it was added, “Although the party did not intend to deceive you in making this statement, if it is false, he is just as liable to you for *336 the. consequences as though he knew the Statement to be false and the representations were made by him with intent to deceive you.”
In recurring to this subject the second time, the general proposition was mentioned that if a man makes a false representation, knowing it to be false, with the intention of misleading another, he is liable for that statement. But this was an independent instruction to the jury in no manner qualifying the proposition submitted to them that the defendant could be held liable if he did not intend to deceive if he had made a false statement. To this proposition a distinct exception was taken to the charge.
The defendant’s counsel excepted to that part'of it in which the court stated that it is a fraudulent representation where a person states as a fact a thing which is not true, whether he knows it to be true or not/ and that the person making such statement, if it is false, is liable as though he knew it to be' false and made the representation with .intent to deceive. This was an erroneous legal proposition, for the authorities have settled the. rule to be that to render a person liable for fraudulent representations they must have been made with the intent to deceive. Meyer v. Amidon, 45 N. Y., 169; Oberlander v. Spiess, id., 175; Stitt v. Little, 63 id., 427; Schwenk v. Naylor, 102 id., 683; 2 N. Y. State Rep., 477; Taylor v. Ashton, 11 M. & W., 401.
_ The intent to deceive may very well be inferred from the fact that the representations made are known by the person making them, to be false. But the law does not infer that to have been the intent of the party. Itis for the jury to determine under the evidence whether that inference is legitimate or reasonably well supported in the case. If it is, then it is the duty of the jury to infer intent to deceive. And the existence of that intent, together with the other facts, which have been referred to, will make out the right of action.
, The mortgagor, after paying certain installments of interest upon the mortgage turned out to be insolvent, and nothing was left available to the plaintiff, except to appropriate the mortgaged property itself, towards the payment of the indebtedness. And that she did at the instance and with the assent of the defendant. That fact has been relied upon as a legal obstacle in the way of maintaining this action for the recovery of damages, but there-seems to be no legal ground upon which this objection should be sustained. Her loss was still the same as though she had foreclosed the mortgage and bid in the property for less than the mortgage debt. She was chargeable only with its value. To tliat extent it satisfied the debt, inasmuch as she did not receive it or agree to receive it, as a full pay *337 ment. Beyond the amount realized in this manner she had sustained a loss, and that loss it was the legal duty of the defendant to make good, if he had deceived her and involved her in it by means of false and fraudulent representations. But to correct the erroneous theory on which .the case was submitted to the jury the judgment should be reversed and a new trial ordered, with costs to abide the event.
Brady, J., concurs; Bartlett, J., concurs in the result.