### IDE v. GRAHAM.

(City Court of New York, General Term. March 17, 1893.)

DECEIT—FALSITY OF REPRESENTATIONS—SCIENTER.

 In an action for misrepresentations as to the character of certain persons who had applied to plaintiff for the rent of a flat, proof of the making of the representations by defendant, and that the character of the tenants was not as represented, does not entitle plaintiff to recover, without showing that the representations were false at the time they were made, and that defendant knew or had reason to believe that they were false.

Appeal from trial term.

Action by Adleaide C. Ide against J. Franklin Graham for misrepresentations. From a judgment entered on the dismissal of the complaint, plaintiff appeals. Affirmed.

Argued before McGOWN and FITZSIMONS, JJ.

John D. Townsend, for appellant.

Degroot, Rawson & Stafford, for respondent.

McGOWN, J. The action was brought to recover damages alleged to have been sustained by plaintiff by reason of certain representations made by defendant, which plaintiff alleges were false, and which were falsely and fraudulently and willfully made by defendant, he at the time knowing them to be such, and made with the intention of deceiving, injuring, and misleading the plaintiff, etc. The answer of defendant was in substance a general denial. Plaintiff had a flat for rent at 75 West Fifty-First street, on or about December 12, 1890. She had an application from a lady. Plaintiff agreed to let the flat to the lady in case her references should prove satisfactory. She gave, among her references, the name of the defendant. Defendant called upon plaintiff. Plaintiff then asked defendant what he knew of said lady. He said "that he had known her for many years, and that she was an able and responsible woman. Then I wanted to know if she was a respectable lady. He said that she was very respectable and very responsible; that, if he had a house, he would be very glad to have her as a tenant. * * * I said, 'If you are what you represent yourself to be, and these people are what you represent them to be, I will let them have the flat.' He said they were literary people; that they wrote for books and magazines and papers," etc. Upon the strength of these representations, plaintiff rented the flat, and the tenant took possession. Upon the trial, evidence was presented upon the part of the plaintiff substantially proving that defendant had made the representation alleged in the complaint. There was no evidence, however, to show that the representations were false at the time they were made, or that defendant knew, or had reason to believe, that they were false. There was no evidence of intent on the part of the defendant to deceive. In Lamb v. Kelsey, 54 N. Y. 645, which was an action to recover damages for alleged fraud and deceit, it was held "that plaintiff was not entitled to recover without showing that defendant knew, or had reason to believe, his statements false; that, as no evidence was given to support such a finding, it could not be assumed." In Meyer v. Amidon, 45 N. Y. 169, which was an action founded upon the fraud and deceit of the defendant in making false representations, the referee found that the representations made by the defendant were false; that the plaintiff was induced by them to give credit to such party; and that damages ensued therefrom to the plaintiff. It was held that, upon the facts found, the plaintiff was not entitled to recover; that such action cannot be maintained, in the absence of proof that he believed, or had reason to believe, at the time when he made the representations, that they were false, or that he assumed to have, or intended to convey the impression that he had, actual knowledge of their truth, though conscious that he had no such

knowledge. No such proof was produced herein, and there was no error on the part of the trial justice in dismissing the complaint. There are no merits in the exceptions taken, and the judgment must be affirmed, with costs to the respondent.