Judgment of the County Court and that of the justice reversed, with costs.

---

DENNISON I. DODGE, Respondent, v. AARON ECKERT, Appellant.

*Pleading — allegations of tort in a complaint on contract — recovery on proof of the contract.*

Where a complaint contains an allegation of a cause of action on contract not sounding in tort, although it may also charge, but not as the *gravamen* of the action, tortious acts on the part of the defendant, the plaintiff will be allowed to recover upon the allegations resting on contract, if sustained by the proof, and the allegations of wrong may be treated as surplusage, and need not be proved.

A complaint alleged that the plaintiff sold and delivered to the defendant goods of the value of seventy dollars, for which the defendant had never paid, and that the defendant obtained credit for said goods by false and fraudulent representation as to his means and ability to pay therefor, which representation was made with intent to defraud the plaintiff, and demanded judgment for seventy dollars and costs.

*Held*, that the complaint did not sound wholly in tort, and that, therefore, the plaintiff might recover thereunder upon the contract of purchase alleged therein, upon proof of the sale and value of the goods, without proving the allegation of false representations.

APPEAL by the defendant, Aaron Eckert, from a judgment of the County Court of Sullivan county, entered in the office of the clerk of that county on the 20th day of June, 1891, affirming a judgment of a Justice's Court in favor of the plaintiff.

*Henry J. Williams*, for the appellant.

*J. M. Maybee*, for the respondent.

MAYHAM, P. J.:

This action was prosecuted in a Justice's Court upon a complaint which alleged: "That within two years last past, before the commencement of this action, he (plaintiff) sold and delivered to defendant goods, wares and merchandise of the value of $70, for which defendant has never paid; that the defendant obtained credit for said goods by false and fraudulent representation as to his means and ability to pay, which representation was made with intent to defraud the plaintiff. Wherefore plaintiff claims judgment in this action against defendant for $70 and costs."

The answer is, first, a denial, and, second, a set-off and counter-claim.

Upon the trial the plaintiff proved the sale of the goods to the value of sixty-eight dollars and ten cents, and at the time of the purchase of the goods by the defendant, he represented that one Williams was owing him for work, and that he expected his pay from Williams on a given day, and he would then pay plaintiff for the goods. The plaintiff failed to prove that the representation that Williams owed defendant was untrue, and it appeared on the cross-examination of plaintiff's witnesses that Williams did in fact owe defendant.

The defendant failed to prove any offset or counterclaim.

At the conclusion of the trial the defendant moved to nonsuit the plaintiff on the ground that the plaintiff's complaint sounded *in tort ;* that there was no evidence of fraud on the part of the defendant, and no proof that the statements and representations made by the defendant at the time of the purchase of the goods, were not true

The justice refused to nonsuit, and rendered judgment for the value of the goods, and from that judgment the appeal was taken.

The only question in this case important to consider is, whether the complaint sounded solely *in tort*, and the action was prosecuted

under the complaint for the tort, and not upon the contract or purchase ?

If this action had been prosecuted solely for the tort, without any allegation of a contract from which an obligation on the part of the defendant to pay could be legally inferred, then it would be necessary for the plaintiff, before he could recover, to prove the wrong, as the wrong in that event would be the *gravamen* of the action ; but where the complaint contains an allegation of a cause of action on contract, not sounding in tort, although it may also charge tortious acts on the part of the defendant, the plaintiff will be allowed to recover, upon the allegation of his complaint resting on contract, and the allegations of wrong in the complaint may be treated as surplusage. Under the liberal practice of pleading adopted by the Code, especially in Courts of Justices of the Peace, pleadings are construed liberally, with a view to the promotion of substantial justice between the parties. In pleading under the Code, it is sufficient to state facts from which the law infers a liability or implies a promise. (*Zabriskie* v. *Smith*, 13 N. Y. 330.)

Although facts are stated in a pleading which are unnecessary to be proved to constitute a cause of action or defense, they may be disregarded upon the trial. (*Bedell* v. *Carll*, 33 N. Y. 581.)

A complaint containing a statement of facts constituting a cause of action on contract, sustained by proof of such facts upon the trial, authorizes a recovery, although the complaint is in form for a conversion. (*Conaughty* v. *Nichols*, 42 N. Y. 83.)

We are, therefore, of the opinion that the justice was right in refusing to nonsuit the plaintiff in this case ; that the, complaint stated a cause of action on contract, and that that portion of the complaint which charged fraud might properly be rejected by the court as surplusage, and that the judgment rendered in such a case is a judgment on contract, upon which the party could not be arrested on final process.

The judgment of the County Court and that of the Justice's Court must be affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment of Justice's and County Court affirmed, with costs.