(20 Misc. Rep. 541.)

DEL PIANO v. CAPONIGRI.

(Supreme Court, Appellate Term, July 1, 1897.)

1. PLEADING AND PROOF—VARIANCE.
   Plaintiff sued for a return of money paid as rent, alleging fraud on the defendant's part in representing that the renting capacity of the building was greater than it was. The proof showed an agreement by defendant to return the money if the rent were not as stated by him, together with a special request to plaintiff to rely upon his statement. *Held*, that this did not constitute a material variance.

2. EVIDENCE—ADMISSIONS.
   A list of the rents, prepared by the janitor of the building, was presented to defendant by plaintiff, with a demand for his money, and was retained by the defendant, who afterwards promised to return the money. *Held*, that this constituted an admission by defendant of the correctness of the list.

Appeal from city court of New York, general term.

Action by Nicola Del Piano against Pasquale Caponigri. From an order of the general term (43 N. Y. Supp. 1153) confirming judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

William E. Morris, for appellant.
Abraham Nelson, for respondent.

BISCHOFF, J.    The plaintiff sued for the return of money paid to the defendant as rent in advance under a monthly letting of certain premises used as a tenement house, alleging fraud upon the defendant's part in falsely representing that the actual rental capacity of the building, as occupied at the time, was $400 per month, whereas it was found to be much less.    At the trial the defendant moved the dismissal of the complaint for variance between the allegations and the proof, and it is contended upon this appeal, as also upon the trial, that the plaintiff proved no more than a promise upon the part of the defendant to return the sum in suit, that no fraud had been shown, and that the cause of action disclosed was for the breach of a contract, or, perhaps, for conversion.    We do not think that the point is well taken.    It was shown that the payment was induced solely by the defendant's statement that the actual rents of the apartments in the building aggregated $400; that at the time when the transaction took place the plaintiff said to the defendant that he would like first to look over the premises, but the defendant then said: "Never mind, Nicola.    You are talking with a gentleman.    Every time you don't find what I say, your money is always ready;" that he was then taken to the defendant's office, and there paid over the amount in suit to the defendant after some conversation touching the latter's good faith, in the course of which he was reassured by the defendant's statement: "Trust in the word of a good man.    Every time that you don't find what I say, your money will be returned."    Defendant, on the same day, but after the payment was made, introduced the plaintiff to the housekeeper or janitor of the building, saying, "This man will collect the rent for the premises," and this janitor, after the defendant had left, gave the plaintiff a list of the rents taken in at the

time, the plaintiff having requested it. This list made it appear that the premises produced an aggregate rental of but $295.50 per month, instead of $400, as represented by the defendant, and the plaintiff then brought the paper to him, and demanded the return of his money. The defendant said that he would have to see his partner about it, but that, if the matter were so, the plaintiff would receive his money. Later the plaintiff called again, and the defendant, who had kept the list, stated to him "Well, your money will be back." We think that the falsity of the representations was sufficiently proven by this admission of the defendant as to the correctness of the list of rents thus brought to him by the plaintiff, while it may well be that the paper alone would not have furnished satisfactory evidence of the fact. So, too, this list was properly received in evidence, because supported by the defendant's recognition of the statement contained in it, and thus competent as part of the admission. That the representations, as made by the defendant, were the material inducement to the plaintiff in paying over this money, cannot be disputed. The rental returns from the building formed the sole subject of the negotiations between the parties, and, more than this, the plaintiff was urged by the defendant to rely entirely upon his statement, and to refrain from personally examining into the state of the property. It does not clearly appear from the record that the defendant knew of the falsity of the representations when made, but the action was to be maintained for his failure to advise himself as to the truth of this positive and material assertion, made apparently upon personal knowledge, relied upon by the plaintiff, and untrue in fact. Meyer v. Amidon, 45 N. Y. 169; Oberlander v. Spiess, Id. 175. The appellant claims that common prudence called upon the plaintiff to examine the premises before concluding the transaction, and that he should not have relied entirely upon the defendant's words. Here, however, the defendant was shown to have coupled his representations with words inducing the plaintiff to rely only upon what he said, and the point made need not be further discussed.

Certain exceptions were taken to the charge of the court, and to refusals to charge upon request, but an examination of these discloses no ground for the reversal of the judgment. The charge, as a whole, was substantially correct, and the propositions submitted by the defendant were covered by the instructions given to the jury so far as proper.

Judgment affirmed, with costs. All concur.