(105 App. Div. 284.)

### BOOTH v. ENGLERT.

(Supreme Court, Appellate Division, Third Department. May 3, 1905.)

1. EXECUTION AGAINST PERSON—MOTION TO SET ASIDE—EVIDENCE.

The theory on which an action was tried and decided may be shown on a motion to set aside an execution against the person of the defendant to enforce the judgment rendered therein.

2. SAME—ACTION OF TORT—FAILURE OF PROOF.

Under Code Civ. Proc. § 549, subd. 4, providing that a defendant may be arrested in an action on contract where it is alleged in the complaint that he was guilty of a fraud in contracting the liability, but that plaintiff cannot recover unless he proves the fraud, an action in tort for false representations cannot be maintained in the absence of proof that defendant knew that the representations were false. or intended to convey the impression that he had actual knowledge of their truth, though conscious that he had no such knowledge.

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Fraud, §§ 3–5.]

:3. CONTRACT—COMPLAINT—SURPLUSAGE.

Where a complaint contains a statement of facts constituting a cause of action on a contract which is sustained by proof, the plaintiff is entitled to recover, though the complaint also contains allegations of a tort.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, §§ 1341, 1342.]

Parker, P. J., dissenting.

Appeal from Special Term, Fulton County.

Action by Charles L. Booth against Charles Englert. From an ·order vacating an execution against the person of defendant, plaintiff appeals. Affirmed.

The complaint alleges that the plaintiff purchased of the defendant a gray mare for the agreed price of $100, $90 of which was paid by the plaintiff to ·the defendant at the time of the purchase. The complaint then contains the following allegations: "That at the time of said sale and purchase, and immediately prior thereto, the defendant stated to this plaintiff that said gray mare was 'sound, kind, true, and all right in every way, weighed twelve hun·dred and sixty pounds, and was only 12 years old.' That, relying upon the statements and representations of the said defendant above mentioned, the plaintiff purchased said horse for the consideration herein mentioned; paying therefor the sum of ninety dollars, above referred to." That said horse was not sound, kind, and all right in every respect, but was in fact unsound, not ·kind nor true, nor all right in many respects; and the statements of the said ·defendant concerning said horse, upon which the plaintiff relied in making the purchase, were wholly, willfully, false and untrue, and were known to be false and untrue by said defendant at the time they were made." It is further alleged that by reason of the facts set forth the plaintiff has sustained ·damages in the sum of $150, for which amount, with interest and costs, judgment is demanded. The allegations above quoted from the complaint were denied by the defendant. Upon the trial the plaintiff recovered a verdict for $50. Judgment was entered thereupon, and an execution against the property of the defendant issued, and returned unsatisfied. An execution was then is.sued against the person of the defendant. A motion was thereupon made to set aside the last-mentioned execution on the ground that the action had been tried as one for breach of warranty, and that upon the pleadings and ques·tions submitted to the jury upon the trial no questions of fraud or deceit were raised. From the order of the court granting such motion, this appeal is ·taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHES- · TER, and HOUGHTON, JJ.

Eugene D. Scribner, for appellant.
·H. D. Wright, for respondent.

CHESTER, J. The theory of the plaintiff is that the action is ·for fraud and deceit, in making false representations upon the ·sale of the mare; and of the defendant, that the complaint sets forth a cause of action for breach of warranty upon such sale.

It is true that the allegations in the complaint that "the statements ·of the said defendant concerning said horse, upon which the plaintiff relied in making the purchase, were wholly, willfully, false and untrue, and were known to be false and untrue by said defendant at the time they were made," were appropriate only to an action for fraud and deceit, yet these allegations may be eliminated from the ·complaint, and sufficient remain for a good complaint in an action ·upon contract, namely, for breach of a warranty in the sale of the

mare.　The action cannot be regarded as one solely founded upon a tort.　Indeed, it appears to have been tried as one for breach of warranty, and no question of fraud was submitted to the jury; and it was competent, upon a motion like this, for the defendant to show the theory upon which the action was tried and decided.　Neftel v. Lightstone, 77 N. Y. 96.　If the action had been founded upon a tort, solely, the plaintiff could not have succeeded upon the trial, for he failed to show that the defendant knew or had reason to know that the statements and representations made by him concerning the mare were false, or that he assumed or intended to convey the impression that he had actual knowledge of their truth, although conscious that he had no such knowledge.　So that, if the case had been tried as one for tort, the complaint should have been dismissed for failure of proof.　Code Civ. Proc. § 549, subd. 4; Meyer v. Amidon, 45 N. Y. 169; Wakeman v. Dalley, 51 N. Y. 27, 10 Am. Rep. 551; Indianapolis, P. & C. R. R. v. Tyng, 2 Hun, 311, affirmed 63 N. Y. 653.　Where, as here, a complaint contains a statement of facts constituting a cause of action upon a contract, which is sustained by proof, a recovery is nevertheless authorized, under the authorities, although the complaint also contains allegations of a tort.　In such a case the latter are regarded as surplusage.　Fowler v. Abraams, 3 E. D. Smith, 1; Town of Green Island v. Williams, 79 App. Div. 260, 79 N. Y. Supp. 791; Dodge v. Eckert, 71 Hun, 257, 24 N. Y. Supp. 1074; Cohn v. Beckhardt (Sup.) 18 N. Y. Supp. 84; Conaughty v. Nichols, 42 N. Y. 83.

The execution against the person was therefore improperly issued, and the order setting it aside should be affirmed, with $10 costs and disbursements.　All concur, except PARKER, P. J., who dissents.