Dubois agt. Thompson.

---

## NEW YORK COMMON PLEAS.

### Dubois agt. Thompson.

Where a *stock broker* receives money of another for the purpose of purchasing specified stock, and uses it for some other purpose, and not for the benefit of the owner, his liability to *arrest* is not open to discussion. He is *liable.*

*New York General Term, August,* 1863.
Daly, Brady and Hilton, *Judges.*

Appeal from an order of special term denying a motion of the defendant to be discharged from arrest. The facts will sufficiently appear in the opinion of the court.

By the court, Brady, J. In May, 1857, the defendant, who was then a stock broker, was instructed by the plaintiff to purchase for him thirty shares of the Delaware and Hudson canal company stock, at a certain price per share, and was put in funds to do so by the deposit with him of securities, by the sale of which he realized $3,799.70. He neglected to make the purchase, and in August following the plaintiff having called upon him for the stock, and

having discovered that it had not been purchased, again instructed him to buy, but to buy a number of shares of the Pennsylvania coal companies and a certain number of second mortgage bonds of the Terre Haute and Alton railroad company. The defendant also neglected to make these purchases, and excuses himself upon the assertion that he was invested with discretionary power, and before it could be exercised to the plaintiff's greatest benefit he was crushed by the panic of 1857, and rendered unable to meet his engagements. Whether the instructions in August were positive or not, is settled by the affidavit of Mr. Staples. He was with the plaintiff when they were given, and was requested to call on the defendant on behalf of the plaintiff and obtain from him the shares and bonds last above mentioned, which he did, and the defendant failed to deliver them. The defendant, then, it appears received money as a stock broker for a specific purpose, and used it for some other purpose, and not for the benefit of the plaintiff. His liability to arrest, under section 179 of the Code, is a question not open to discussion. His counsel seems to think, however, that the order of arrest should have been vacated, even if the defendant was not authorized to use any discretion, or was liable to arrest on the original transaction, because the plaintiff accepted interest on his deposit, and subsequently accepted bonds of the Breckenridge coal company in payment of his debt. The plaintiff, however, swears that he received no interest on the transaction stated, and the books of the defendant show that none was credited. The transaction itself is one in which the plaintiff might have been credited with interest from May to August, inasmuch as the defendant had held funds of his during that period, not as a debtor, but as a broker, with specific instructions which he was violating. But the fact is, that no interest was received or allowed. It is equally certain that the plaintiff did not accept the bonds

De Nierth agt. Sidner.

spoken of in payment of his debt. He did accept them, but as security only, and they were inadequate. This appeal cannot for these reasons be sustained. The defendant undertook to discharge a trust and failed to do so. He must take the consequences.

Order appealed from affirmed.