Hugh Conaughty, Respondent, *v.* Lemuel Nichols and
Finch J. Van Zandt, Appellants.

| 42 | 83 |
| f165 | 294 |

A complaint containing a statement of facts constituting a cause of action
on contract, sustained by proof of such facts upon the trial, authorizes a
recovery, although the complaint is in form for a conversion, and the
summons in the action is for relief.

(Argued January 11, 1870; decided March 17, 1870.)

This is an appeal by the defendants from a judgment of
the General Term of the Supreme Court, fourth district,
reversing a judgment entered upon the report of a referee.
The action was brought against the defendants as factors,
to recover of them the proceeds of merchandise consigned
to them for sale by the plaintiff. The plaintiff alleged
in his complaint, and proved upon the trial, among other
facts, that during the months of December, 1860, and Jan-
uary, 1861, the plaintiffs, who resided in Saratoga county,
consigned to the defendants, who were commission merchants,
doing business in the city of New York, a quantity of dried
fruit and butter, to be sold by the defendants, and the net
proceeds to be remitted to the plaintiff; that the defendants
received and sold the said fruit and butter, realizing therefor
$690.82, and that, after deducting all the expenses of sale,
there was due the plaintiff the sum of $618.43, which he
demanded of the defendants, who omitted and refused to pay
the same to the plaintiff. The complaint contains the follow-
ing allegation: "*And have converted the same to their own
use* to the damage of the said plaintiff of the said sum of
$618.43, for which said last mentioned sum the said plaintiff
demands judgment against said defendants, besides interest,
together with the costs of this action." When the plaintiff
closed his evidence the defendants' counsel moved for a non-
suit, upon the grounds:

1. That the action should have been brought in the name
of the plaintiff and John H. Conaughty, as they were the
owners of the property.

2. That the defendants were simply agents of the plaintiff, and are only liable in an *action on contract*, and are not liable *in an action for a tort.*

3. That there was no conversion of plaintiff's property by defendants.

4. That the plaintiff had failed to establish the cause of action set out in the complaint; and that there was a total failure of proof within the provisions of section 171 of the Code. The plaintiff's counsel asked leave to amend the complaint by striking out the allegation, "that the defendants converted the money to their own use," &c.; and insisted that the action was upon contract. The referee refused to allow the amendment, on the ground that the effect would be to change the form of the action from tort to contract; and nonsuited the plaintiff upon the ground that the cause of action stated in the complaint was for a tort, and the proof established a cause of action upon contract. The plaintiff's counsel excepted to the decision of the referee, and appealed to the General Term, where the judgment was reversed, and the defendants appeal to this court.

*Charles S. Lester*, for the appellant cited *Walter v. Bennett* (16 N. Y., 250); 2 Chitty's Plead., 123; Yates Plead., 246; 1 Chitty's Plead., 149; *Hickok* v. *Hickok* (13 Barb., 632); *Ridder* v. *Whitlock* (12 How., 208); *Morris* v. *Rexford* (18 N. Y., 552); *Whitcomb* v. *Hungerford* (42 Barb., 177); *Ransom* v. *Wetmore* (39 Barb., 104); *Woodruff* v. *Dickie* 31 How., 164); *Moore* v. *McKibbin* (33 Barb., 246); *Kelsey* v. *Griswold* (6 Barb., 442); Dunlap's Paley on Agency 79); *Weymouth* v. *Boyer* (1 Ves. Jun., 416); *Gould* v. *Asseler* (22 N. Y., 225); *Dugniel* v. *Edwards* (32 How., 254); *Goodrich* v. *Dunbar* (17 Barb., 644); *Angus* v. *Dunscomb* (8 How., 14); *Stoll* v. *King* (8 How., 298); *Wood* v. *Henry* (1 Hand., 40; N. Y., 124); *Frost* v. *McCarger* (14 How., 131); *White* v. *Platt* (5 Den., 269); *Noble* v. *Prescott* (4 E. D. Smith, 129); *Burhans* v. *Casey* (4 Sandf. S. C. R., 707); *Woodruff* v. *Huson*

32 Barb., 557); *Hendricks* v. *Decker* (35 Barb., 298); *Phincle* v. *Vaughn* (12 Barb., 215); *N. Y. Ice Co.* v. *N. W. Ins. Co.* (23 N. Y., 362).

*William A. Beach*, for the respondent.

Ingalls, J. The plaintiff established a cause of action against the defendants upon contract, and was entitled to recover the amount of his claim, unless the referee was correct in holding that the complaint contained but one cause of action, and that was for a tort. If the words "and have converted the same to their own use" had been omitted in the complaint, it could not reasonably be contended, that the same was not adapted to the cause of action established by the evidence. The case, therefore, seems to be reduced to the proposition, whether the plaintiff, having alleged facts constituting a cause of action, and having sustained them by proof upon the trial, should have been nonsuited, because the pleading contained an allegation adapted to a complaint in an action *ex delicto*, and which was unnecessary to be stated or proved, to justify a recovery on contract. We are of opinion that no such rigid rule of construction in regard to pleading should prevail under the liberal system introduced by the Code. It is not only contrary to the express provisions of the Code, but at variance with the decisions which have been made, construing and enforcing the same. Section 140 of the Code provides: "All forms of pleading heretofore existing are abolished." Section 142 prescribes what a complaint shall contain. "A plain and concise statement of the facts constituting a cause of action, without unnecessary repetition." Section 169: "No variance between the allegation in a pleading and the proof shall be deemed material, unless it have actually misled the adverse party, to his prejudice, in maintaining his action or defence upon the merits, &c." Section 159: "In the construction of a pleading for the purpose of determining its effect, its allegations shall be

liberally construed with a view of substantial justice between the parties." Section 170: "When the variance is not material, as provided in the last section, the court may direct the fact to be found according to the evidence, or may order an immediate amendment without costs." Section 160 provides that irrelevant or redundant matter inserted in a pleading may be stricken out on motion; and the court may also require the pleading to be made more certain. From the foregoing provisions of the Code, it is very apparent, that it was the intention of the legislature to reduce pleading to a plain statement of the facts constituting the cause of action or defence, with a claim for such relief as the facts justified; and to prevent the sacrifice of substantial right to mere form. The courts have generally been inclined fairly to give effect to the new system of pleading thus introduced, as will appear by reference to some of the decisions which have been made upon this subject. In *Jordan Plankroad* v. *Morley* (23 N. Y., 553), Judge DENIO remarks: "In pleading under the Code, it is sufficient to state the facts from which the law infers a liability, or implies a promise." In *Zabriskie* v. *Smith* (13 N. Y., 330), the same judge says: "Under our present system of pleading, I conceive that a pleading should contain the substance of a declaration under the former system. It is sufficient, however, that the requisite allegations can be fairly gathered from all the averments of the complaint, though the statement of them may be argumentative, and the complaint deficient in technical language." In *Wright* v. *Hooker* (10 N. Y., 59), EDWARDS, J., says: "The very object of the new system of pleading was to enable the court to give judgment *according to the facts stated and proved, without reference to the form used, or to the legal conclusion adopted by the pleader.*" The reasoning of the court is to the same effect in *Olcott* v. *Carroll* (39 N. Y., 436). See also *Emory* v. *Pease* (20 N. Y., 62); *Butterworth* v. *O'Brian* (24 Howard, 440); *Goff* v. *Edgerton* (18 Abb., 381); *Hall* v. *Hall* (38 Howard, 97). Although facts are

stated in a pleading, which are unnecessary to be proved to constitute a cause of action or defence, they may be disregarded upon the trial. (*Bedell* v. *Carll*, 33 N. Y., 581.) Or they may be stricken out on motion before trial. In the case at bar, the complaint contained an ample statement of facts constituting a cause of action *on contract*, and such allegations were clearly supported by the evidence, yet the plaintiff was deprived of a judgment, because the complaint contained an allegation which was unnecessary *to such cause of action*, and which might well have been disregarded. The counsel for the appellant relies upon the case of *Walter* v. *Bennett* (16 N. Y., 251), to sustain the decision of the referee. In my judgment, that case, so far as the question of pleading is concerned, is in entire harmony with the decisions to which we have referred, and interposed no obstacle to a recovery by the plaintiff in this action. In *Walter* v. *Bennett*, the complaint is not set out, but the statement in regard to the form of the action is as follows : " The action was brought to recover *the possession of a draft* alleged to belong to the plaintiff, and to be wrongfully detained by the defendant, and also to recover *the possession* of $7,250 of money alleged to be the property of the plaintiff, wrongfully detained by the defendant."

Judge BROWN remarks: "The form of the plaintiff's action is *ex delicto*, and before he can recover he must show that the defendant committed a wrong, or in other words, wrongfully withheld the draft from the true owner." All that this case decides is that a party shall not be allowed to recover for a cause of action which is not alleged and proved. So far as that case discloses what the pleadings were, the plaintiff alleged simply a wrongful detention of a draft or of a sum of money, the possession whereof the plaintiff claimed, and, having failed to prove what was alleged, was nonsuited. That case does not hold that, when facts are stated constituting a cause of action on contract, a party should be nonsuited because the complaint contains an allegation suited to an

action *ex delicto*; in other words, because the plaintiff stated too much in his complaint. If the complaint in question had merely stated facts sufficient to authorize a recovery for a wrongful detention of the money, and upon the trial, the plaintiff had applied to amend by inserting facts appropriate to a cause of action on contract, and thereby changing the form and character of the action, the application should have been denied. That, however, was not the case, as the facts were fully stated, and the defendants apprized of what they were to meet upon the trial, and there was no pretense that they were surprised. If they chose to accept the complaint without moving to strike out any portion of it, or to compel the plaintiff to make it more definite, or to elect in regard to the form of action, they should not, upon the trial, have been allowed to prevent a recovery by the plaintiff of a judgment for the amount of his demand. It is further insisted by the counsel for the appellant that the summons is for relief, and therefore not adapted to a recovery in the form claimed by the plaintiff upon the trial. If so, the defendants' remedy was by motion. It is quite probable that the plaintiff intended, down to the trial, to recover against the defendants for a wrongful conversion of the proceeds of the sale of the property consigned to them, and doubtless the mistake should have been fatal but for the ample statement of facts contained in the complaint, which justified a recovery on contract for the amount of his demand. It does not follow that, because the parties go down to the trial upon a particular theory, which is not supported by the proof, the cause is to be dismissed, when there are facts alleged in the complaint, and sustained by the evidence, sufficient to justify a recovery upon a different theory or form of action. There is no substantial reason why, under such circumstances, a party should be turned out of court and compelled to commence a new action, thereby occasioning expense, delay and multiplicity of suits to accomplish a just result. It is against the spirit and letter of the Code, and substantial justice is not promoted thereby. The judgment of the General Term

should be affirmed with costs and judgment absolute entered in favor of the plaintiff.

All concur for affirmance.

Judgment affirmed and judgment absolute for plaintiff.

NOTE.—The answer in this case denied, among other things, that defendants were liable to pay over to plaintiffs *the specific* proceeds, and denied any conversion. But whether the allegations of a conversion contained in the complaint were traversable, see *Wood* v. *Henry*, 1 Hand, 124.—REP.