By the Court.—Freedman, J.
A supplemental pleading can be allowed only by the court, on motion. It should not be allowed at the trial (Garner v. Hannah, 6 Duer, 262). Consequently, section 272 of the Code, which confers upon referees the same power to allow amendments to any pleadings, and to the summons, as the court possesses upon the trial, does not apply to this case.
The cases and the manner in which a supplemental answer is to be allowed are prescribed by section 177 of the Code, and the practice is, upon a case being made within the terms of that section, to grant the order almost as a matter of course. If the sufficiency of the proposed answer is a matter of doubt, the court will not prejudge the matter on such motion, but permitted the defense to be made upon such terms as are deemed just (Hoyt v. Sheldon, 4 Abb. 59; S. C., 6 Duer, 661; Palmer Murray, 18 How. 545 ; Morell v. Garelly, 16 Abb. 269; Stewart v. Isidor, 5 Abb. N. S. 69).
The defendants Kerr and Farr were not only regular in their application, but, it seems to* me, made out a sufficient case within the terms of section 177 (as amended in 1866) and the principle established by authorities above cited.
The complaint, it is true, alleges a conversion in general terms;' but it also sets forth sufficient facts *48 upon which, when proved, plaintiff may fall back and recover as upon contract. This precise point has been determined by the court of appeals in Conaughty v. Nichols, 42 N. Y. 83. The effect and applicability of the discharge in bankruptcy will depend, therefore, rather upon the proof at the trial, than upon the form of the complaint.
The order appealed from should be reversed and the defendants Kerr and Farr severally permitted, upon payment of ten dollars, to plead, by way of supplemental answer, their respective discharges. Such permission should also be conditioned to be without prejudice to the proceedings already had before the referee.