By the Court. —Curtis, J.
The defendants claim that the position of the plaintiff was simply that of a broker in the transaction, and that he had none of the rights of a factor to maintain a suit. The distinction between a broker and a factor is,- that it is peculiarly the office of the former to simply act as a negotiator between the parties, while the factor is entrusted with possession, management and control of the goods, and authorized to buy and sell in his own name as well as that of his principals (Story on Agency, §§ 33, 34.; Baring v. Corrie, 2 B. & Aid. 148; Higgins v. Moore, 34 N. Y. 418, 419). The evidence establishes that the possession and acts of the plaintiff, in respect to the property, were those of a factor, and that he was recognized as such by the defendants, who as such paid him their advances on the property, and followed his directions in shipping it.
The plaintiff had all the rights of a factor to proceed against the defendants, if they failed to account for the proceeds of the sales. Before the adoption of the Code it was held, that where goods were consigned by the owner to a factor to sell, that the parties to whom he consigned them to sell, must account to him as their principal for the proceeds, and he could sue for them in his own name. This right of a factor was recognized by Lord Manseield, in Drinkwater v. Goodwin, Cowp. *40 856, and early established in this State (Soland v. Murray, 17 Johns. 24). Since the adoption of the Code, it has been held that a factor who contracts in in his own name, on behalf of his principal, is a trustee of an express trust within the meaning of section 113 of the Code, and is the proper party to bring an action upon the contract (Grinnel v. Schmidt, 2 Sandf. 710; Rowland v. Phalen, 1 Bosw. 43; Considerant v. Brisbane, 22 N. Y. 889). The defendant’s objection, that the plaintiff cannot maintain the present action in his own name, cannot be sustained, and the plaintiff’s exception to the ruling of the court dismissing the complaint upon that ground is well taken.
The remaining question in the case is whether the. proofs and pleadings showed that the plaintiff had any case whatever against the defendants. The court ruled that they did not, and to this the plaintiff excepted. Conceding the view of the defendants to be correct, that the plaintiff failed to sustain the action of trover, it by no means follows that the complaint is to be dismissed, when there are facts alleged in the complaint and established by the evidence sufficient to justify a recovery upon a different theory or form of action (Conaughty v. Nichols, 42 N. Y. 88). In this case it "was held, that a complaint, very nearly the counterpart of the one in the present action, containing a statement of facts constituting a cause of action on contract, sustained by proof of such facts on the trial, authorizes a recovery, although it is in form for a conversion, and the summons in the action is for relief.
In the case at bar, striking out the words in the complaint alleging a conversion, and there remains a state-' ment of facts supported by the evidence, constituting a cause of action ; and the same principle should be applied here as in Conaught v. Nichols, 42 N. Y. 87, “that the plaintiff should not be deprived of a judgment, because the complaint contained an allegation which was *41 unnecessary to such cause of action, and which might well have been disregarded.”
In the opinion of the court it is clearly intimated, that where the defendant chooses to accept such a complaint, without moving to strike out, or to make it more certain, or to compel the plaintiff to elect in regard to the form of action, he should not on the trial be allowed to prevent a recovery where sufficient facts are alleged and proved to constitute a cause of action; also, that if the summons is for- relief, and therefore not adapted to a recovery in another form, that the defendant should, have resorted to his remedy by motion.
In Gordon v. Horstetter, 37 N. Y. 104, Porter, J., observes, “that under our present system of pleading, a party who has alleged and proved facts entitling him to judgment for moneys had and received, will not be barred from that relief by his failure to prove other and further allegations, which would have entitled him to a more stringent remedy.”
Applying these principles to the facts alleged and proved in the present action, it is apparent there was a cause of action on contract, made out against the defendants, and which should not have been dismissed at the trial.
The judgment appealed from should be reversed, and a new trial ordered, with costs to abide the event.