# THIRD DEPARTMENT.

## GENERAL TERM, SEPTEMBER, 1874.

VEEDER v. COOLEY, appellant.

*Evidence — in action upon — Contract — Reference — clerical error of referee — Pleading — unsupported count in complaint.*

On February 10, R., the owner of a farm, made a written contract with defendant by which he sold defendant a certain quantity of timber standing on the farm, to be cut within specified limits. On March 15, while defendant was cutting, R. agreed, verbally, to sell the farm to plaintiff subject to the right of defendant to cut and remove the timber. On April 1, the deed was delivered and R. assigned to plaintiff all claims which should arise by reason of defendant cutting more than the specified quantity of timber. In an action to recover for the excess of timber cut by defendant the complaint contained a count for damages for an unlawful entry and cutting and carrying away the timber. *Held*, (1) that as the complaint was sufficiently sustained by the testimony a nonsuit was not authorized on the ground that a cause of action being otherwise set forth in the complaint, it also contained an allegation suited to an action *ex delicto;* (2) that a finding of the referee that the excess of timber was cut and carried away between *April* 15 and 30, whereas these acts were done between *March* 15 and 30, was no ground for reversing a judgment in favor of plaintiff, the error appearing to be clerical; (3) that it was proper to exclude evidence that at the time the contract between R. and defendant was made, it was talked between them that defendant might cut more than the amount specified in the written contract; and (4) that it was proper to admit evidence to show that plaintiff had given defendant notice not to cut more than the specified quantity of timber, although plaintiff had not, at the time of giving notice, received his deed.

APPEAL by defendant from a judgment in favor of plaintiff entered on report of a referee.

The action was brought by Myndert R. Veeder against William Cooley, for cutting and carrying away timber from a farm of land in Chenango county, which, prior to the 1st of April, 1869, was owned by one Perry Rogers, and on that day was conveyed to the

plaintiff. On the 10th of February, 1869, Rogers made a contract with the defendant by which he sold him 100,000 feet of hemlock timber, at $6 per thousand, to be cut near a certain line which was designated. On the 15th of March, while the defendant was cutting, Rogers agreed verbally to sell the farm to the plaintiff, and on the 1st of April the deed was delivered. The sale was made subject to the right of the defendant to cut and remove the 100,000 feet, and it was agreed that the plaintiff, in the event of the defendant cutting more, was to have the benefit of it, and Rogers assigned all claims and demands for the same to the plaintiff, which assignment bears date April 1, 1869. The complaint contained two counts, the second of which claimed to recover damages for an unlawful entry and cutting and carrying away the timber. The cause was referred and the referee found, among other things, that the defendant cut down and carried away 37,345 feet of timber in excess of 100,000 feet, and the plaintiff was entitled to recover $336.10, with interest, amounting to $404.06, besides costs. Exceptions were taken to the referee's report and the several rulings made upon the trial. A judgment was entered and the defendant appealed.

*Newton & Tillson*, for appellant. The complaint shows an action founded in tort, which was not proven. *People* v. *Carpenter*, 46 Barb. 619; *Zin* v. *Ritterman*, 2 Abb. N. S. 261; *Ross* v. *Mather*, 51 N. Y. 108; *Walter* v. *Bennett*, 16 id. 250, 254; *Ransom* v. *Wetmore*, 39 Barb. 104. Plaintiff had no rights in the farm previous to the giving of the deed, and he had no authority to notify the defendant not to cut more than the specified number of feet. 2 R. S. 135, §§ 8, 9; *Dung* v. *Parker*, 52 N. Y. 494. By the sale of the land the tort was waived. 1 Hilliard on Torts, §§ 37, 38; 2 id., § 10; *Borst* v. *Baldwin*, 30 Barb. 180; *Briggs Iron Co.* v. *North Adams Iron Co.*, 12 Cush. 114; Addison on Torts, 34. The contract to cut a specified quantity was not inconsistent with the parol license to cut more. *Beman* v. *Green*, 1 Duer, 382; *Pratt* v. *Ogden*, 34 N. Y. 20; *Parsons* v. *Camp*, 11 Conn. 525; 3 Abb. N. Y. Dig., new ed., 94, sub. 1397. See also *Dubois* v. *Kelly*, 10 Barb. 508, 509; *Pierrepont* v. *Barnard*, 6 N. Y. 279.

*O. M. Hungerford* and *L. Hotaling*, for respondent, as to the sufficiency of the complaint cited *Armitage* v. *Pulver*, 37 N.

Veeder v. Cooley.

Y. 494; *Jones* v. *Butler*, 20 How. 189 ; *N. Y. Ice Co.* v. *N. W. Ins. Co.*, 23 N. Y. 357; *Emery* v. *Pease*, 20 id. 62; *Wright* v. *Hooker*, 10 id. 51; *Scott* v. *Pilkington*, 15 Abb. 280; *Chambers* v. *Lewis*, 11 id. 210; *Eldridge* v. *Adams*, 54 Barb. 417; *Hall* v. *Hall*, 38 How. 97; *Conaughty* v. *Nichols*, 42 N. Y. 83 ; *Marquat* v. *Marquat*, 12 id. 341; *Grave* v. *Spier*, 58 Barb. 349.

MILLER, P. J. The principal point urged by the defendant's counsel against the decision of the referee is, that the action was for a tort, and as no wrongful taking or conversion of the property was shown, the referee was in error. Even admitting that the defendant had a right to enter upon the lands of Rogers under the license from and contract with him, and was originally lawfully there, I am of the opinion that he was liable for what he did beyond the terms of his contract under the complaint in this action. The first count of the complaint avers that the defendant entered upon the lands and premises, then the property of Rogers, and cut down and carried away and converted a large number of trees there growing, without the right or consent of Rogers, by means whereof he has sustained damages, and that the right of action was assigned to the plaintiff. The allegation that the defendant converted the trees without the right and consent of Rogers, while it may constitute part of a cause of action in tort, in connection with the remaining portion of the count referred to, may, I think, be considered as a statement of the facts constituting the cause of action without characterizing it as an action sounding in tort, and while the statement is not as definite and formal as it might have been, yet, under the liberal rules of pleading which are established by the Code, I cannot forego the conclusion that, as the proof warranted it, this count may be considered as amended to meet the facts proved upon the trial, which, I think, clearly established a cause of action against the defendant. As the complaint was sufficiently sustained by the testimony, it was not enough to authorize a nonsuit, that if a cause of action was otherwise set forth that it contained an allegation suited to an action *ex delictu*, or that the plaintiff stated too much. *Conaughty* v. *Nichols*, 42 N. Y. 83. The courts have gone to a great extent in sustaining pleadings on a trial, even although they were extremely informal and defective, and sometimes contained averments which rendered it questionable what form of action was really intended. Especially have they

been liberal in exercising the plenary power of amendment where defects existed which could be easily remedied in this manner without proving injurious to the rights of parties. The motion for a nonsuit was not made upon the distinct ground that the action sounded in tort and a contract was proved. Had the defendant put his finger upon any such defect, if it really existed, for aught that appears an amendment may have been made to meet the difficulty. What could have then been done may now be considered as done, and therefore it cannot now fairly be claimed that while the action was for tort, the plaintiff recovered upon a contract, or a different cause of action.

If I am right in assuming that the action could be sustained upon the grounds stated, then it is not important to consider whether the selling of the farm and the recognition in the mortgage that the claim for the excess of timber cut was assigned as a debt, was a waiver of an action for a tort. And for the same reason the referee properly refused to find, in accordance with the request of the defendant's counsel, that Rogers could not and did not assign the debt and retain the tort, if any, as it was entirely immaterial, and could not affect the determination of the whole case.

The finding of the referee, that the defendant cut down and carried away the excess of timber, for which the recovery was had, between the 15th and 30th of April, 1869, except some drawn in 1870, and some left and wasted on the field, was excepted to as contrary to the proof. It is inconsistent with the previous findings that, on the 15th of March, 1869, the plaintiff notified and requested the defendant, by informing his agent, who conveyed the information to the defendant in person, not to take over 100,000 feet of timber, and that any excess beyond this belonged to and should be paid to the plaintiff, and that the defendant, by his agents and servants, continued cutting and drawing timber from the farm ten or twelve days after this, and removed the excess for which a recovery was had. It was evidently a clerical mistake in inserting April instead of March, and, as upon the whole, the referee's report can be sustained, is no ground for a new trial.

A careful examination of the various requests made to find facts, and the refusal to do so by the referee, discloses no error which is fatal to the judgment rendered.

The evidence offered to prove, that at the time the contract was made with Rogers it was talked between him and the defendant

that he might cut over the 100,000 feet, was properly rejected. It was parol evidence to vary a written contract, and inconsistent with the contract made, and on no principle admissible.

The testimony showing directions from the plaintiff to the defendant's foreman not to cut any more timber than was provided for by the contract, and that the foreman informed the defendant of such notice was entirely competent and properly received. The plaintiff at the time had an arrangement or understanding with Rogers, which was consummated by a conveyance of the farm on the 1st of April following, by Rogers to him. He was therefore interested, and, although at the time he had no conveyance of the legal title, had a right to direct as to any cutting beyond what was within the terms of the contract. It was a notice to the defendant from the plaintiff, who was to become the owner, quite as effectual as if it had been given by the owner himself. It is no answer to say that the plaintiff had no legal rights in the land and that the refusal to obey his directions was not therefore. competent evidence ; for even if the contract was still incomplete between the plaintiff and Rogers, the notice would, I think, inure to the benefit of the real party in interest, and as the plaintiff subsequently became the assignee of Rogers, he was entitled to any advantage which it conferred. If the action could be upheld for the wrongful cutting and conversion, then it was competent. to show the notice, and if otherwise it can be maintained, it was evidence relating to the transaction, which was clearly admissible. It might have a bearing upon the amount of damages to be recovered, and affect the value of the timber which was cut, without authority or license, after the notice had been given.

It was also competent to prove by whose direction and the manner in which certain portions of the timber was cut, as a part of the transaction, if for no other purpose. The assignment to the plaintiff covered and included all claims, and the referee allowed only damages for the timber by the foot, without regard to the manner in which it was cut. The evidence therefore could not have injured the defendant.

No other question is raised which requires comment, and the judgment must be affirmed, with costs.

*Judgment affirmed.*