JOHN V. TRUNNINGER, Appellant, *against* PETER BUSCH, Respondent.

(Decided April 2d, 1877.)

The right which exists to arrest a factor for not paying over the proceeds of goods sold by him on commission is barred by the principal's receiving from him the promissory notes of third parties, collecting some of them, and retaining the others, without any offer to return them.

The case of *Kelly* v. *Scripture* (9 Hun, 283), and other cases, where, after dishonor of notes given by a factor for the balance due the original cause of action, was held to be revived, distinguished by JOSEPH F. DALY, J.

APPEAL from an order made at special term by Judge VAN HOESEN, vacating an order of arrest.

The order of arrest was obtained upon an affidavit in an action brought to recover a balance due for goods sold on commission by the defendant as a factor.    The motion to vacate was made upon the verified answer and upon an affidavit alleging that the defendant had indorsed and turned over to plaintiff, in payment of the full amount of the proceeds of the goods, several promissory notes of third parties;

that some of these notes plaintiff had collected, and that none of them had he returned or offered to return.

The following opinion was delivered at special term by Judge VAN HOESEN:—" The defendant was at one time undoubtedly liable to arrest in an action brought against him for the proceeds of goods which came into his hands as a factor (*Duguid* v. *Edwards*, 50 Barb. 286), a case repeatedly and recently approved. The difficulty encountered by the plaintiff, however, is that, instead of suing the defendant, as a factor, and obtaining an order of arrest, he accepted certain notes from him, some of which have been paid and cannot be surrendered to the defendant. It is not necessary to go to the length which Judge Harris went to in *Alliance Insurance Company* v. *Cleveland* (14 How. Pr. 408), and to decide that the mere acceptance of a note from an agent who has defaulted in his payments will at all times preclude an arrest of the defaulter. But it seems to be clear that taking and retaining such notes or the transfer or the collection of them will bar the right to arrest. Upon the defendants stipulating not to sue for malicious prosecution, the order of arrest will be vacated."

*Wm. W. Goodrich*, for appellant.

*Augustus Ford*, for respondent.

JOSEPH F. DALY, J.—The complaint is in the usual and proper form in an action or contract against a factor for failure to pay a balance due for goods sold by him on commission for plaintiff. (*Conaughty* v. *Nichols*, 42 N.Y. 83.)

There are no allegations in the complaint other than those proper in an action upon contract ; but the affidavits on which the order of arrest was granted contain a statement that the plaintiff had received from defendant, " as security for the balance due, the notes of third parties." Certain allegations are contained in the affidavit as to representations and concealments by defendant when he gave the notes, but no fraud is alleged or shown on his part in the transfer of the securities. Defendant's affidavit is to the effect, among

other things, that these notes of third parties were taken by plaintiff in payment, and two of them have been collected by plaintiff, and the proceeds retained, and the others have not been paid, and plaintiff has never offered to return them.

The judge at special term held that the taking of the notes of third parties, collecting some of them and retaining the others, barred the right to arrest. (*Alliance Ins. Co.* v. *Cleveland*, 14 How. Pr. 408.)

I think the decision correct. This case is to be distinguished from *Kelly* v. *Scripture* (9 Hun, 283); *Shipman* v. *Shafer* (14 Abb. Pr. 449); *Dubois* v. *Thompson* (1 Daly, 309), where upon the dishonor of the note or notes given by the factor for the balance due the right to sue upon the original indebtedness revives. Here some of the notes of the third parties were paid, and plaintiff, without offering to surrender the other unpaid notes of third parties, indorsed by defendant, brings this action on the original claim against him as factor, and seeks an order of arrest. The arrest is undoubtedly oppressive and unauthorized, and was properly vacated.

The order should be affirmed, with $10 costs.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Order affirmed, with $10 costs.