DETERMINED IN THE

# THIRD DEPARTMENT

AT

# GENERAL TERM,

## May, 1889.

JAMES ALLEN, Appellant, *v.* MICHAEL ALLEN, Respondent, Impleaded with JOHN J. ALLEN and JAMES H. ALLEN.

*Action — when in tort and not on contract.*

A complaint, which alleges, in substance, that the plaintiff delivered to the defendant a note for $1,500, the property of the plaintiff, to be safely kept for the benefit of the plaintiff, and to be surrendered to him upon demand, and that the defendant, with knowledge that the plaintiff was the owner of said note, and that his name had been indorsed thereon without his authority, wrongfully and fraudulently negotiated the same and misappropriated the proceeds thereof, and converted the same to his own use without the knowledge or consent of the plaintiff, states a cause of action sounding in tort and not on contract.

*Austin* v. *Rawdon* (44 N. Y., 63) distinguished.

APPEAL by the plaintiff from a judgment, rendered at the Rensselaer County Circuit and entered in the office of the clerk of the county of Rensselaer on the 28th day of August, 1888, dismissing the plaintiff's complaint, and, also, from an order, made at the Rensselaer Special Term and Circuit, entered in said clerk's office on the 27th day of July, 1888, denying the plaintiff's motion made on the judge's minutes to set aside the verdict rendered at the circuit against the plaintiff, and for a new trial.

*R. A. Parmenter*, for the appellant.

*Henry A. Merritt*, for the respondent.

Ingalls, J. :

James Allen, the plaintiff herein, loaned to Fitzgerald Brothers $1,500, and received from them their note, as follows :

" $1,500.                    Troy, N. Y., *February* 27th, 1885.

" Six months after date we promise to pay to the order of James Allen, fifteen hundred dollars at our office, 505 River street. Value receive,d with interest.

(Signed.)        "FITZGERALD BROTHERS."

The plaintiff placed the note in the hands of his nephew, James H. Allen, for safe-keeping. The plaintiff can neither read nor write. James H. Allen induced the plaintiff to consent to the payment, by the maker of the note, of $200, for the benefit of James H. Allen, and such payment was made accordingly, and no question is raised in regard to the validity of such payment upon the note. The Manufacturers' National Bank held sundry notes against the defendants, amounting to about $1,800, which were described by Samuel Gleason, the cashier of the bank, who was a witness for plaintiff, who testified in regard to the notes, as follows :

By Mr. Parmenter :

Q. You are the cashier of the Manufacturers' National Bank of Troy ? A. Yes, sir. Q. How long have you been cashier ? A. About six years. Q. Do you know the defendant, Michael Allen ? A. Yes, sir. Q. And his two sons, John J. and James H. ? A. Yes, sir. Q. On the 30th of April, 1885, did that bank hold these six promissory notes (one made by Allen Brothers, and indorsed by Michael Allen, for $300, due March 11, 1885) that were under protest ; also, a note made by Allen Brothers, indorsed by John J. Allen and Michael Allen, for $250, due February 12, 1885, under protest ; also, note made by Allen Brothers, and indorsed by Michael Allen, for $100, due May 17, 1885 ; also, note made by Allen Brothers, indorsed by Michael Allen, for $500, due May 24, 1885 ; also, note made by John J. Allen, indorsed by Michael Allen, for $150, due May 24, 1885 ; also, note made by Michael Allen, indorsed by Fitzgerald Brothers, for $550, due May 30, 1885 ; do you know it of your own knowledge ; were those notes in the bank ? A. There were a number of notes in the bank at that time which I settled,

and among them was that amount; I settled them myself; six or seven notes I settled at that time, and those are the notes? Q. For whom were the notes that were made by Allen Brothers discounted? A. Discounted for Allen Brothers. Q. And they had the signature of Michael Allen upon them? A. Yes, sir; the $1,500 note was taken to said bank and discounted before maturity, and the avails thereof were applied towards the payment of the notes so held by the bank; the name of the plaintiff was indorsed upon the $1,500 note by the said James H. Allen; the defendant, Michael Allen, is a brother of the plaintiff, and the other defendants are the nephews of the plaintiff; the $1,500 note has been fully paid by the makers thereof, and has been surrendered to them by the bank.

Upon this appeal substantially two questions only arise. One of law and the other of fact. The question of law is whether the complaint contains the statement of a cause of action sounding in tort or in contract? We have carefully examined the pleading, and have reached the conclusion that the complaint states only one cause of action, and that is for a wrong, the allegations therein in regard to the agreement between the parties must be considered matter of inducement in the nature of frame work for the real cause of action. The gravamen of the pleading consists of the statement therein of the wrongful acts of the defendants, in contradistinction to a statement of facts showing a mere contract obligation of which the plaintiff at the trial sought to predicate the liability of the defendants to him, as upon contract expressed or implied. In regard to the statements therein of contract engagements between the parties, or any of them, there does not seem to be much controversy, and it is quite probable that had the complaint simply stated a cause of action for money had and received no controversy would have arisen. We are persuaded that the pleader had no such cause of action in mind when he constructed the complaint, but, on the contrary, intended to state a cause of action in tort, and, manifestly, he has been successful to such an extent that the pleading cannot be changed into a complaint upon contract, by judicial construction, without violating the rules of pleading, even under the Code, which justifies great liberality in construing pleadings. The complaint, after the statement of the execution of the note, and setting out the same, contains the following:

" *Second.* That the said plaintiff cannot write or read writing, and never could ; that, at the time of the making of the said promissory note, the defendant James H. Allen was present as the friend and nephew of this plaintiff, and he, the said defendant James H. Allen, then and there took possession of said note for safe-keeping for the said plaintiff, and for no other purpose; that the said James H. Allen never became the owner or holder of the said note, except to keep the same for this plaintiff; that the said James H. Allen never discounted or purchased the said note from or for this plaintiff, and was never authorized by this plaintiff to dispose of the said note, or to negotiate the same, or procure it to be discounted for himself or for this plaintiff. Nor did the said defendants, jointly or severally, or any one or more of them, have any authority from this plaintiff to indorse his name upon said note, or to negotiate the same, or to cause the same to be discounted for said defendants, or any of them, nor for this plaintiff; and the said defendants had no right, power or authority to use the said note, in any way or manner, for their own purpose, nor to receive payment therefor, or receive any partial payment thereon, except as hereinafter stated by this plaintiff." The complaint contains the following statement :

" *Fifth.* That this plaintiff never indorsed the said note for $1,500, nor authorized any person to indorse his name thereon, but that, without authority therefor, and in violation of said trust under which said last-mentioned note was being held, as aforesaid, the same was indorsed by Allen Brothers and by the other defendant, Michael Allen, the father of the said Allen Brothers, and underneath said last-mentioned two indorsements appears the name of ' James Allen,' written by some person to the plaintiff unknown, and without authority to do so from this plaintiff. That thereupon the defendant, Michael Allen, with knowledge and notice of said unauthorized indorsement of plaintiff's name thereon, procured the last-mentioned note to be discounted at the Manufacturers' National Bank of Troy, and the proceeds thereof, as plaintiff states, on information and belief, were paid by said bank to said Michael Allen, not in cash, but by the surrender to him of certain promissory notes exceeding in amount the value of said $1,500 note at that time, made by the defendants John J. Allen and James H. Allen, individually, or in

the name of Allen Brothers, and indorsed by the said defendant Michael Allen, being then over due and under protest, and upon which the defendant Michael Allen had been previously duly charged as indorser ; that at the time of the negotiation of said $1,500 note the defendant Michael Allen, and also the remaining two defendants, had knowledge and notice that said note for $1,500 was the property of this plaintiff, and had been received by the defendant James H. Allen, in trust, to be held by him for the benefit of this plaintiff, and the said defendants *wrongfully and fraudulently* diverted said note and appropriated to their own use and benefit the proceeds thereof, received from said last-mentioned bank upon the discount thereof, by retiring their own paper then due and under protest, and have never paid or reimbursed this plaintiff any portion of the moneys for which the said note for $1,500 was given as aforesaid. That at its maturity the said Fitzgerald Brothers paid in full and took up said $1,500 note, after deducting therefrom the payment of $200 indorsed thereon as aforesaid.

The allegations that the defendants, at the time of the negotiation of the note, had notice and knowledge that it was the property of the plaintiff, and that James H. Allen received it, to be held by him in trust for the plaintiff, and that the defendant wrongfully and fraudulently diverted said note, and appropriated to their own use and benefit the proceeds thereof, are statements which clearly characterize the cause of action as in tort, and negative the idea of an intended cause of action upon contract. This concluding clause in the statement of facts " that the said defendants, by reason of *their wrongful acts by them done and hereinbefore complained of*, have subjected this plaintiff to loss and damages to the amount of $1,300, together with interest thereon from the 27th day of February, 1885, and are liable to the said plaintiff therefor, indicates very clearly the purpose of the pleader in regard to the nature of the action which he intended to institute. It was for the wrongs which the defendants had perpetrated that redress was to be sought, and not for mere violation of an agreement in neglecting or refusing to pay money pursuant to contract. To disregard the allegations of the complaint, which characterize it as the statement of a cause of action in tort, would leave the pleading without the statement of any

sufficient cause of action; while pleadings under our present system are to be liberally construed in favor of the pleader, yet the principle is not to be indulged so far as to destroy all distinction between causes of action, as by a recognition of such distinction in the statement of the cause of action in pleadings the orderly conducting of legal proceedings in causes mainly depends. The purpose of a pleading is to inform the party against whom it is aimed of the nature of the cause of action upon which relief is sought, to the end that such party may prepare for the trial of the action, and not become the victim of surprise in regard to the nature of the action.

In *Southwick* v. *Farmers' National Bank of Memphis* (34 N. Y., 429) Judge EARL very aptly remarks: "Pleadings and a distinct issue are essential in every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary." (See, also, *Romeyn* v. *Sickles*, 108 N. Y., 650.)

It is true that a pleading is ordinarily to be construed according to its entire scope and effect, rather than according to a single sentence or expression contained therein. It may happen that after the statement in a complaint of a cause of action, which clearly indicates its nature and the relief sought, the pleader may insert an allegation foreign to such cause of action, and inconsistent therewith, and unnecessary to be stated; and, in such case, the court would be authorized to disregard such statement, and would be likely to do so, thereby following the precedent established by the cases to which reference is here made. (*Segelken* v. *Meyer*, 94 N. Y., 475; *Conaughty* v. *Nichols*, 42 id., 83; *Greentree* v. *Rosenstock*, 61 id., 583.) We are convinced that the case under consideration cannot be brought within the doctrine of the decisions referred to, as the entire scope and structure of the complaint show that the cause of action therein stated was for a wrong, viz., the wrongful and fraudulent diversion and misappropriation of the note, and of the avails thereof, by the defendants, and the material allegations of the complaint are all consistent with such cause of action.

Aside from the statements merely by way of inducement or description, the cause of action contained in the complaint may be briefly stated in this wise : That the plaintiff delivered to James H.

Allen the note for $1,500, the property of the plaintiff, describing it, to be safely kept for the benefit of the plaintiff, and to be surrendered to him upon demand; and that the defendants, with a knowledge that the plaintiff was the owner of such note, and had deposited the same with James H. Allen for the purpose aforesaid, wrongfully and fraudulently negotiated such note and misappropriated the same, and the proceeds thereof, and converted the same to their use and benefit without the knowledge or consent of the plaintiff. We are satisfied that the trial court rightly construed the pleading and correctly instructed the jury in regard thereto. (*Rich* v. *The N. Y. C. and H. R. R. R. Co.*, 87 N. Y., 383; *Walter* v. *Bennett*, 16 id., 250; *Ross* v. *Mather*, 51 id., 108; *The People* v. *Denison*, 19 Hun, 138; S. C., 80 N. Y., 656; S. C., 84 id., 273.) The case of *Austin* v. *Rawdon* (44 N. Y., 63) has been referred to by counsel, and, upon an examination of the facts of that case, we think it is distinguishable from the case which we are considering. In that case a complete cause of action was stated, including a demand of the securities, and in such form as to entitle the plaintiff to recover, as upon contract, a money judgment, and there was then inserted in the complaint the following allegation: " But, on the contrary thereof, the said defendants had, as plaintiff is informed and believes, wrongfully disposed of the aforesaid securities and converted them to their own use and benefit, to the great damage of the plaintiff, as such receiver." Such allegation might well be regarded, under the circumstances of that case, the statement of a mere conclusion and unnecessary to that cause of action, and, therefore, properly to be disregarded by the court in determining the nature of the cause of action, within the principle of the decisions to which we have above referred. But it is clearly otherwise with the case under consideration, because the statements which characterize this complaint as in tort constitute the very gist of the cause of action therein stated and esssential thereto. It will be observed that the complaint herein does not even allege a demand of the note which was deposited with the defendant James H. Allen for safe-keeping, which would seem to be necessary to a recovery as upon contract merely. Hence we infer that the pleader relied upon his statement of the cause of action for a wrongful and fraudulent misappropriation of the note and its proceeds by the

defendants, and, therefore, no statement of a demand of the note was necessary. The entire structure of the pleading, as has already been stated, marks it as in tort and not contract. The cause of action being in tort, the trial court properly refused to allow a recovery upon contract for money had and received. (*Neudecker* v. *Kohlberg*, 81 N. Y., 297.) The evidence in support of the verdict of the jury upon the question of fact submitted to them so far sustains their determination that this court should not interfere with their decision.

The judgment must be affirmed and a new trial denied, with costs.

LEARNED, P. J., and LANDON, J., concurred.

Judgment affirmed, with costs.