Macomber, J.
This action was originally begun in the municipal court of the city of Rochester. The complaint was filed for the recovery of damages in the exchange of horses between the parties. The answer which was interposed set up a general, denial and also a counterclaim for damages for breach of warranty of a gray horse which was. turned out by the plaintiff to the defendant in the trade. At the trial in that court the defendant did not appear and judgment was taken against him. His appeal to the county court from the judgment entered in the municipal court was-for the purpose of obtaining a new trial. The case was referred by consent and such reference resulted substantially *204 in the same judgment which was pronounced by, the municipal court.
Various exceptions have been presented for our consideration touching the reception and rejection of evidence, but in none of them do we find any error committed which, in any manner, prejudiced the defendant’s rights.
The principal matter urged upon our attention is the proposition that the action was not after all for a breach of warranty ■of the horse, but rather for damages resulting from false and fraudulent representations, and that consequently the plaintiff could not recover upon contract. The case mainly relied upon by the counsel for the appellant is that of Ross v. Mather, 51 N. Y. 108, where the commission of appeals holds substantially that if the complaint contains suitable allegations for a recovery for fraud and deceit, and also for a breach ■of warranty, recovery cannot be had upon the breach of warranty. This case, however, is opposed in principle to the decision of the court of appeals in Conaughty v. Nichols, 42 N. Y. 83, as well as to cases subsequently decided by the ■court of appeals, to which reference will shortly be made-. In the case of Boss v. Mather, mpra, the complaint was clearly and undoubtedly designed to charge the defendant in damages for false and fraudulent representations. It contained ■every element necessary to a recovery in such an action. The elements entering into a case for recovery upon that ground are, as stated in Arthur v. Griswold, 55 N. Y. 400* representations, falsity, soimtery deception and injury. In the case before us, however, it is plain that the pleader intended to charge the defendant only in an action on contract for the recovery of damages for a breach of warranty. The language of the complaint is “• that on the 18th day of May, 1888, the defendant offered to sell to the plaintiff a certain horse and warranted and fraudulently represented said horse to be in all respects perfectly sound, that the plaintiff relying upon said warranty and representations then and there pur-' chased said horse and paid to the defendant therefor another *? horse of the value of $125, and $90 in money; that at the time of said warranty and sale the said horse was unsound, had a spavin on one hind leg, and another spavin coming on the other hind leg, and was worth $250 less than the defendant represented and warranted, and was known by the defendant so to be, and that said horse still so remains.”
Leaving out the word “ fraudulently,” in the first sentence quoted from the complaint, there would be no room for discussion of this question, for then the case would stand precisely as a simple one for recovery upon a contract. In our judgment the qse of that word in that connection, followed as it is by. other allegations which look solely to a complaint for breach of warranty, does not turn the complaint into one for fraud. The gravamen of the' action was breach of contract, and, in such a case, the allegations of fraud in the complaint inducing the entering into of the contract on the part of the plaintiff do not affect the nature of the action or the remedy therein. The word “ fraudulently,” in this instance, was wholly irrelevant, and the allegation of fraud was not an issuable pne and could not have been tried if the plaintiff had desired it to be under these allegations. Graves v. Waite, 59 N. Y. 156; 100 Id. 196; Brackett v. Griswold, 112 Id. 454.
Moreover, the defendant, at the trial before the referee, proceeded upon the same assumption that the plaintiff did, that the action was for a breach of warranty only, for at the close of the plaintiff’s case a motion was made for a nonsuit upon the grounds : First. That the plaintiff had failed to prove a warranty of this horse. There was no suggestion that the action was not upon and brought to recover for a breach of warranty, nor was it claimed that the correct reading of the complaint showed it to be for a tort. The question was not raised until after the close of the evidence on both sides when, for the first time, the point was made. Thereupon the referee, to make the case entirely clear, permitted, properly enough, although quite unnecessarily, an. *206 amendment by which, if he understood it, the word “ fraudulently” was eliminated from the complaint. No one was prejudiced by this amendment. It did not bring into the case a new cause of action; it did not strike out of it any cause of action which counsel, until the last moment, had supposed existed. Price v. Brown, 98 N. Y. 393.
The judgment should be affirmed.
Barker, P. J., and Dwight, J., concur.
Hote on “ Allegations oe Tout in Pleadings on Contbact.”
An. allegation, in a complete cause of action on contract, that defendant Tías converted money to his own use, does not convert it into one for tort. Selye v. Zimmer, 61 Hun, 623.
Allegations of wrong do not change an action from contract to tort, 'where the claim in the complaint is an express contract. Nealis v. Lissner, 62 Hun, 503.
Mere averments of fraud or negligence will not transform a cause of action on contract into one in tort. Rothschild v. Grand T. Ry. Co., 30 N. Y. 642; Jones v. Walker, 63 N. Y. 612; Ledwich v. McKim, 53 Id. 307; Sparman v. Kein, 83 Id. 245.
A complaint, alleging in effect that the plaintiff delivered to one of the defendants for safe keeping a note payable to plaintiff which such defendant was to surrender upon demand, and that the defendants, with the knowledge of the facts, wrongfully and fraudulently negotiated such note and misappropriated the same and the proceeds thereof, and converted the same to their use and benefit without the knowledge and consent of the plaintiff, states a causesof action in tort, and not on contract. Allen v. Allen, 52 Hun, 398.
The fact that, after a cause of action on the contract is stated, allegations ■showing a fraud, which is ground for arrest, are added in compliance with the provisions of the Code as to arrest, does not change the nature of the cause of action. Hoboken Beef Co. v. Loeffel, 23 Abb. N. C. 93.
Where the pleader alleges the sale and delivery of property at a fixed and agreed price, which remains unpaid, and also that the vendee perpetrated a fraud in making the purchase, by means of false representations as to his solvency, and the question whether the pleader intended to set forth the cause of action ex contractu or ex delicto, is in doubt, the omission to allege that damages have accrued to the plaintiff by reason óf the fraud is accepted by the court as a circumstance indicating the purpose to rely upon the contract as constituting the cause of action. McDonough v. Dillingham, 43 Hun, 493.
Allegations of fraud relating wholly to the performance of an agreement *207 of sale, which is the gravamen of the action, do not change the cause of action from one on contract to one in tort. Hinton v. Wilson, 22 W. Dig. 90.
A complaint which alleges that plaintiff was induced to make a bet by false representations respecting the horse that won the race, made by the defendant and others with whom the defendant conspired to defraud the plaintiff, states a cause of action in tort. Raynor v. Brennan, 40 Hun, 60.
In Moore v. Hillabrand, 37 Hun, 491, the cases on allegations of contract and of fraud are reviewed up to that date.
The character in an action, whether on contract or tort, is determined by the complaint, not by the form of the summons. Gopen v. Crawford, 53 Hun, 378; Neudecker v. Kohlberg, 81 N. Y. 296; People v. Haberstro, 16 Alb. L. J. 151. These cases were decided under the former Code.
The plaintiff cannot be permitted to recover as upon a contract, where the gravamen of his complaint is a fraud. Barnes v. Quigley, 59 N. Y. 265; People v. Denison, 84 Id. 272; Combs v. Dunn, 56 How. 169.
Where the plaintiff’s demand is founded on an express contract, an averment that he has wrongfully violated it and converted the proceeds, which he ought to have accounted for and paid over, will not convert it into tort.' Sheahan v. Shanahan, 5 Hun, 461; Greentree v. Rosenstock, 61 N. Y. 583.
The prayer for release may be considered in determining whether the ■complaint is framed in contract or in tort. Thompson v. Strauss, 29 Hun, 256.
The allegations of fraud in contracting the debt are mere surplusage, in an action for the recovery of money loaned, and do not turn the action into one sounding in tort. Harris v. Todd, 16 Hun, 248; Sparman v. Kein, 83 N. Y. 245.
Where the complaint is on contract, averments of fraud will not render the action one ex delicto. Ledwich v. McKim, 53 N. Y. 307.
The plaintiff cannot recover for a breach of warranty, where the complaint is framed in deceit and there is no proof of a scienter. Ross v. Mather, 51 N. Y. 108.
The plaintiff -was permitted to recover, in McConaughty v. Nichols, 42 N. Y. 83, on proof of a cause of action for money had and received to his use, though the complaint was framed in tort. Id.
Where a party sues for money paid by him under an executory contract, and alleges fraud as the ground on which he is entitled to rescind and to recover on the implied contract to repay, his cause of action is on contract, though he may be bound to prove the fraud in order to recover. Wiegand v. Sichel, 4 Abb. Dec. 592; Roth v. Palmer, 27 Barb. 652.
Where the complaint alleges that the defendant was employed, as an agent to collect money, by plaintiff’s testator; that he collected it and wrongfully and unlawfully wholly refused, failed and neglected to pay the same or any part thereof to the said testator, though the same was demanded, but wholly misappropriated and misapplied said sum to his own use, the complaint was held not to be one in tort, but simply for moneys had and received. Cohn v. Beckhardt, 63 Hun, 333.