### PALMER v. STRYKER.

(*Supreme Court, General Term, Fourth Department.* February, 1891.)

1. TENANCY IN COMMON—HOW SEVERED.

Defendant agreed with certain persons to manufacture into cheese, at $1.10 per hundred, all the milk that they should bring to his factory, sell it, and, after deducting the expense of making, pay over to each the sum due according to the amount of milk furnished by him. *Held,* that, even if the persons furnishing the milk were tenants in common in the cheese manufactured, such tenancy was severed by the sale of the cheese and the ascertainment of the share of each.

2. SET-OFF AND COUNTER-CLAIM—INSTRUCTIONS.

Defendant agreed to manufacture into cheese at a certain price per hundred all the milk sent to his factory by plaintiff and others, sell the cheese, and pay to each the sum due, after deducting the expense of manufacturing, according to the amount of milk furnished by each. In an action for a sum alleged to be due plaintiff on account of milk furnished, defendant interposed as a counter-claim that plaintiff had agreed to furnish for the season, which he failed to do. *Held,* that the counter-claim was disposed of as favorably to defendant as he has the right to ask by an instruction that, if the contract was for the season, defendant was entitled to recover any damages that he sustained, unless plaintiff was justified in refusing to deliver milk.

Appeal from circuit court, Herkimer county.

Action by Jerome B. Palmer against William E. Stryker to recover a balance of $54.60, and interest from September 1, 1888, for cheese sold by the defendant, which was made from milk brought by the plaintiff to the defendant's factory. The defendant was the owner of a cheese factory, made cheese for the patrons of the factory, sold it, and from the proceeds deducted the expense of making, and divided the balance among the patrons, in proportion to the number of pounds of milk furnished by each. After a sale of the cheese the defendant made out and delivered a statement to each patron, together with a check for the amount due him. The plaintiff worked a farm owned by Mrs. Wood on shares. The avails of the cheese were to be equally divided between the plaintiff and Mrs. Wood at the cheese factory. On account of the milk delivered by the plaintiff to the defendant's factory, the defendant made out two statements, one for the plaintiff and one for Mrs. Wood, each showing in detail the amount of cheese sold, price for which it was sold, the net price per pound, the number of pounds of milk delivered by the plaintiff, and the net proceeds. The net proceeds were divided, to give one-half to Mrs. Wood, and Mr. Palmer owned the other half of the milk. Mrs. Wood sent no milk to the factory except what plaintiff brought there. The plaintiff received $25.01 from the defendant for cheese sold from June 10th to June 24th, and received nothing after that. The defendant made out and delivered statements for Mrs. Wood covering the period from June 24th to the time plaintiff stopped taking milk to the factory, and the last statement and check were delivered by the defendant to the plaintiff's wife for Mrs. Wood. According to the statements made by the defendant to Mrs. Wood, her share of the proceeds of the cheese sold after June 24, 1888, was $54.60. The plaintiff's share was the same. The defendant refused to pay the plaintiff his share when demanded. From a judgment entered on a verdict for plaintiff. and from an order denying a motion for a new trial, made on the minutes of the trial judge, defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Matteson & Harvey,* for appellant. *Steele & Prescott,* for respondent.

MARTIN, J. We think the complaint was sufficient to justify the recovery in this action. *Conaughty* v. *Nichols,* 42 N. Y. 83. The evidence given on the trial discloses that the defendant, who was the owner of a cheese factory, and a cheese-maker, agreed with the plaintiff and several other of his neighbors that he would receive the milk that should be delivered to him by each, and for the price of $1.10 per hundred would manufacture it into cheese, fur-

nish everything necessary for that purpose, (except each should furnish such rennets as he should have,) take care of it until ready for market, then sell it, receive the money, and, after deducting the expense of making, figure up and determine the amount that was due to each for the milk furnished by him, and pay him that amount. We think the contract made was between the defendant and each of his patrons severally, and the court committed no error in so instructing the jury.

If we were to assume (which we do not decide) that, after the cheese was manufactured, and before the sale, the parties furnishing the milk from which it was manufactured were tenants in common of the cheese, it does not follow that after it was sold and converted into money, and the share of each determined by the defendant, the other patrons of the factory had any interest in the portion belonging to the plaintiff. The sale of the cheese and the separation of the fund derived therefrom were a complete termination of any tenancy in common that might have existed between such patrons. When this was done, it was the defendant's duty to pay to the plaintiff his share. That he refused to do. By this action he was compelled to perform the agreement he made with the plaintiff. The judgment in this case is both equitable and just, and we have found no sufficient reason for overthrowing it.

The defendant's counter-claim, based upon the plaintiff's refusal to deliver his milk for the entire season, was disposed of by the trial judge as favorably to the defendant as he had a right to ask. It was submitted to the jury with instructions that, if the contract was for the season, the defendant was entitled to recover any damages he sustained, unless the plaintiff was justified in refusing to deliver his milk because it was not correctly weighed. The proof was sufficient to justify the jury in finding either that there was no contract for the season, or that the milk was not correctly weighed. In either event the defendant was not entitled to recover damages for the plaintiff's refusal to deliver his milk for the remainder of the season.

The proof also shows that the plaintiff offered to draw his portion of the cheese, and that he delivered to the defendant all the rennets that he had that season, and hence the defendant was entitled to no deduction upon either of those grounds. We have examined the various rulings of the trial court on the reception and rejection of evidence, but have found no error prejudicial to the defendant, or which would justify a reversal. We think the judgment was right, and should be affirmed. Judgment and order affirmed, with costs.

All concur.