### REED v. HAYWARD.

(Supreme Court, Appellate Division, Second Department. April 13, 1903.)

1. AGENTS—RIGHT TO COMPENSATION—ADVERSE EMPLOYMENT—KNOWLEDGE.
    Where plaintiff had knowledge that defendant, whom he employed to collect certain insurance, represented the insurance companies in some manner, such representation was no defense to defendant's right to compensation for services rendered to plaintiff.
2. SAME—VOLUNTARY PAYMENT.
    Plaintiff employed defendant to collect certain insurance, and defendant, having obtained from one of the companies two checks to plaintiff's order, refused to turn over the checks to plaintiff unless he should pay him a part of the proceeds. Plaintiff at first refused to indorse the checks for that purpose, but after such refusal defendant told plaintiff that the insurance company would fail, and, unless the checks were so indorsed, defendant would return the checks, whereupon plaintiff indorsed them, and from their proceeds defendant retained $1,000. *Held*, that such indorsement, which enabled defendant to retain such sum, did not constitute a voluntary payment, so as to preclude plaintiff from recovering such sum.
3. SAME—PAYMENTS TO ATTORNEY—RETENTION OF MONEY.
    Where, in an action to recover money retained by an attorney on account of services, plaintiff admitted an express promise to pay, but there was no evidence that the amount agreed to be paid or the value of the services was equal to the sum retained, it was error for the court to dismiss the complaint.
4. SAME—COMPLAINT.
    Where a complaint alleged that defendant acted as plaintiff's agent and counsel in collecting certain insurance money, and, while so employed, collected money for the plaintiff amounting to $1,750, of which he returned to plaintiff $250, leaving a balance of $1,500 in defendant's hands belonging to plaintiff, which plaintiff demanded, but which defendant refused to pay, and that defendant had wrongfully converted the same to his own use, it stated a sufficient cause of action for money had and received, irrespective of the allegation of conversion.

Appeal from Trial Term, Rockland County.

Action by Theodore F. Reed against Jedediah K. Hayward. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Emanuel G. Bullard, for appellant.
J. K. Hayward, in pro. per.

WILLARD BARTLETT, J.    The complaint in this action alleges that in the year 1896 the defendant acted as the counsel and agent for the plaintiff in certain actions and proceedings brought by him to recover moneys due to the plaintiff from certain life insurance companies or associations; that while acting as such counsel the defendant received from the Massachusetts Benefit Life Association and the Bay State Benefit Association divers sums of money for the plaintiff, amounting in the aggregate to $1,750, of which he has returned to the plaintiff $250, leaving a balance of $1,500 in defendant's hands belonging to the plaintiff; and that prior to the commencement of the action plaintiff duly demanded from defendant the said sum of $1,500, but that the defendant has neglected and refused to deliver the same to the plaintiff, and has wrongfully and unlawfully converted the same to his own use, to the plaintiff's damage in the sum of $1,500.    The answer admits that the defendant acted as the counsel and agent for the plaintiff in the actions and proceedings mentioned, but denies all the other material allegations of the complaint.    The learned judge who presided upon the trial dismissed the complaint on the motion of the defendant at the close of the plaintiff's evidence, and denied the plaintiff's request to be allowed to go to the jury upon all the questions in the case.    To these rulings exceptions were duly taken, and the principal question presented by this appeal is whether the issues should have been submitted to the jury in accordance with the plaintiff's request.

The evidence showed that although Mr. Hayward was employed as counsel by Mr. Reed, to collect in his behalf the insurance moneys in question, he also, to some extent, at least, represented the insurance companies.    Nothing is to be inferred against Mr. Hayward on this account, however, as his connection with those corporations appears to have been known to Mr. Reed.    Mr. Hayward obtained from one of the companies two checks to Mr. Reed's order, aggregating $3,750 in amount.    He took these to Mr. Reed, and refused to turn them over unless Mr. Reed would pay to him a part of the proceeds.    Mr. Reed at first refused to indorse the checks for this purpose, but finally did indorse them, and give them to Mr. Hayward, who deposited them and collected the proceeds.    In return, Mr. Hayward gave Mr. Reed a check for $2,500, and subsequently paid Mr. Reed $250 in addition; thus retaining $1,000 out of the total sum of $3,750 collected on the checks.    In doing this, Mr. Reed appears to have been largely influenced by the statement of Mr. Hayward that the insurance company would fail, and that he would send the checks back unless Mr. Reed complied with his request.

The record of the trial is very confusing, being largely made up of colloquies between counsel and the court; but the learned judge appears to have been of the opinion that the payment of this $1,000 was voluntary, and also that it was made on account of Mr. Hayward's legal services.    I can hardly regard the action of Mr. Reed in the matter as clearly voluntary.    His counsel, having possession of the

checks, threatened to return them to the maker unless Mr. Reed would give him part of the money; and Mr. Reed's acquiescence for the time being seems to have been brought about by the consideration that, if he refused to do as Mr. Hayward wished, he would inevitably lose the entire amount.

As to the proposition that Mr. Hayward was allowed to retain the money on account of his legal services, the proof is more conflicting, inasmuch as Mr. Reed was actually under an obligation to pay Mr. Hayward for his services, and admits an express promise to pay; but it nowhere appears that the amount which he agreed to pay or that the value of his services was equal to the sum thus retained by Mr. Hayward.

Applying the familiar rule that the plaintiff is entitled to the most favorable view of the evidence on an appeal of this character, I think it quite clear that there were questions which should have been submitted to the jury. The complaint set out a good cause of action for money had and received, irrespective of the allegation of conversion (Conaughty v. Nichols, 42 N. Y. 83); and the proof was capable of being so viewed by a jury as to hold the defendant liable for some amount, at least, upon such a cause of action. I advise that a new trial be granted.

Judgment reversed, and new trial granted; costs to abide the event. All concur.